Quarles & Brady LLP
Firm State Bar No. 00443100
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004-2391
TELEPHONE 602.229.5200

Proposed Attorneys for Debtors and Debtors-in-Possession

John A. Harris (#014459)
john.harris@quarles.com
Robert P. Harris (#011523)
robert.harris@quarles.com
Lori L. Winkelman (#021400)
lori.winkelman@quarles.com
Jason D. Curry (#026511)
jason.curry@quarles.com

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re: | In Proceedings Under Chapter 11 |
| SKYMALL, LLC, | Case No. 2:15-BK-00679-BKM |
| Debtor. | |
| Joint Administration pending with: | Joint Administration pending with Case Nos.: |
| XHIBIT CORP., <br> XHIBIT INTERACTIVE, LLC, <br> FLYREPLY CORP., <br> SHC PARENT CORP., <br> SPYFIRE INTERACTIVE, LLC, <br> STACKED DIGITAL, LLC, and <br> SKYMALL INTERESTS, LLC. | 2:15-bk-00680-MCW <br> 2:15-bk-00682-MCW <br> 2:15-bk-00684-DPC <br> 2:15-bk-00685-MCW <br> 2:15-bk-00686-MCW <br> 2:15-bk-00687-GBN <br> 2:15-bk-00688-EPB |
| This Pleading applies to: <br> ☑ All Debtors <br> ☐ Specified Debtors | **EMERGENCY MOTION FOR ORDER AUTHORIZING AND DIRECTING (1) JOINT ADMINISTRATION, (2) TRANSFERRING ASSIGNMENT OF CASES TO SAME JUDGE, AND (3) USE OF A CONSOLIDATED CAPTION** <br><br> **Hearing Date:**_____ <br> **Hearing Time:**_____ |

SKYMALL, LLC, *et al.*, the debtors and debtors-in possession (the "**Debtors**") in the above-captioned Chapter 11 cases (the "**Bankruptcy Cases**"), file this Motion asking that the Court enter an order authorizing and directing: (1) joint administration of the above-captioned Bankruptcy Cases, (2) transfering the assignment of the Bankruptcy Cases to be jointly administered if those cases are not all assigned to the same judge, and (3) the use of a consolidated caption. As discussed below, joint administration of the Bankruptcy Cases is appropriate because, among other things, (i) the Debtors are "affiliates" as that term is defined in Bankruptcy Code § 101(2), and (ii) joint administration of the Bankruptcy Cases will save considerable time and expense because it will, among other things, obviate the need for duplicative notices, applications, motions, and orders.

> The relief requested in this Motion would authorize the Debtors to jointly administer the Bankruptcy Cases, transferring the assignment of the Bankruptcy Cases to the same Judge, and use a consolidated caption. The basis for the relief requested in this Motion is set forth in paragraphs 9 through 16 below.

This Motion is further supported by following Memorandum of Points and Authorities and the entire record before the Court in these Bankruptcy Cases.

RESPECTFULLY SUBMITTED this 22nd day of January, 2015.

>QUARLES & BRADY LLP
>Renaissance One
>Two North Central Avenue
>Phoenix, AZ 85004-2391
>
>By /s/ *John A. Harris*
>  John A. Harris
>  Robert P. Harris
>  Lori L. Winkelman
>  Jason D. Curry
>
>Proposed Attorneys for Debtors and Debtors-in-Possession

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. FACTUAL AND PROCEDURAL BACKGROUND.**

1. On January 22, 2015 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the Bankruptcy Cases.

2. The Debtors continue to operate their businesses and manage their assets as debtors-in-possession in accordance with Bankruptcy Code §§ 1107 and 1108.

3. The Court has jurisdiction over the Bankruptcy Cases under 28 U.S.C. §§ 157 and 1334. This matter presents a core proceeding under 28 U.S.C. § 157(b)(2).

4. The Debtors' principal place of business is located in Maricopa County, Arizona. Accordingly, venue of the Bankruptcy Cases is proper in the District of Arizona under 28 U.S.C. §§ 1408 and 1409.

5. The basis for the relief requested in this Motion are Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 1015-1(b) of the Local Rules of Bankruptcy Procedure for the District of Arizona (the "**Local Rules**").

6. No trustee or examiner has been appointed in the Bankruptcy Cases, nor has an official committee of unsecured creditors been established.

7. The general background relevant to the Debtors and this Motion is stated in the First Day Declaration, which is incorporated herein by this reference.

8. The Debtors are "affiliates" as that term is defined in Bankruptcy Code § 101(2).

**II. LEGAL ARGUMENT.**

9. By this Motion, the Debtors seek entry of an order authorizing and directing: (1) joint administration of the Debtors' Chapter 11 Bankruptcy Cases, (2) transferring the assignment of the cases to be jointly administered if those cases are not all assigned to the same judge, and (3) the use of a consolidated caption.

1    10.  Bankruptcy Rule 1015(b) provides, in part, that if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b).

11.  The Debtors in the above-captioned Bankruptcy Cases are "affiliates" as that term is defined in 11 U.S.C. § 101(2), because each is directly or indirectly owned by an entity that owns 20 percent or more of the outstanding voting securities of the other. *See* First Day Declaration. Accordingly, this Court is authorized to grant the relief requested in this Motion. Entry of an order directing joint administration of these Bankruptcy Cases will obviate the need for duplicative notices, applications, motions, and orders, and save considerable time and expense for the Court, the Debtors and their estates, and other parties-in-interest. Moreover, the requested relief will not adversely affect parties' rights, as the Motion requests administrative, and not substantive, consolidation of the Debtors' estates. In fact, the reduced costs that will result from the joint administration of these Bankruptcy Cases will inure to the benefit of all of the Debtors' stakeholders. Therefore, joint administration, a transfer of assignment of these Bankruptcy Cases to be heard before the same judge, and the use of a consolidated caption are warranted and will ease the administrative burden on the Court and on the parties.

12.  The Debtors further request that one docket be maintained for all cases, in the docket for the lowest numbered case.

13.  Finally, except as set forth below, the Debtors request that the following form of consolidated caption be utilized for all pleadings and orders in these cases notwithstanding any requirement set forth in Bankruptcy Code section 342(c)(1), and in Bankruptcy Rules 1005 and 2002(n):

| | |
|---|---|
| **IN THE UNITED STATES BANKRUPTCY COURT** | |
| **FOR THE DISTRICT OF ARIZONA** | |

| | |
|---|---|
| In re:<br><br>SKYMALL, LLC,<br><br>Debtors.<br><br>Joint Administration pending with:<br><br>XHIBIT CORP.,<br>XHIBIT INTERACTIVE, LLC,<br>FLYREPLY CORP.,<br>SHC PARENT CORP.,<br>SPYFIRE INTERACTIVE, LLC,<br>STACKED DIGITAL, LLC, and<br>SKYMALL INTERESTS, LLC. | In Proceedings Under Chapter 11<br><br>Case No. 2:15-bk-00679-BKM<br><br>Joint Administration pending with Case Nos.:<br><br>2:15-bk-00680-MCW<br>2:15-bk-00682-MCW<br>2:15-bk-00684-DPC<br>2:15-bk-00685-MCW<br>2:15-bk-00686-MCW<br>2:15-bk-00687-GBN<br>2:15-bk-00688-EPB |
| This Pleading applies to:<br>☐ All Debtors<br>☐ Specified Debtors | **[TITLE]** |

14. Joint administration of these Bankruptcy Cases will not result in any prejudice to the Debtors' creditors or other parties-in-interest. In fact, joint administration is in the best interest of the Debtors' bankruptcy estates because issues common to all Debtors will be addressed in a single forum and by a single judge, without the need for unnecessary duplication of effort on the part of the Court, the Debtors, the United States Trustee, creditors or other parties-in-interest. Joint administration will facilitate the administration process, as well as ease the burden and expense of administering the Debtors' estates.

15. Based on the foregoing, the Debtors submit that the relief requested herein is necessary, appropriate and in the best interest of their estates, creditors, and other parties-in-interest and therefore should be granted.

16. Notice of this Motion has been given to the (i) Office of the United States Trustee, (ii) the parties listed as the twenty (20) largest unsecured creditors of each of the Debtors, (iii) the

Securities and Exchange Commission, (iv) the Internal Revenue Service, and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002. Because of the nature of the relief requested in this Motion, the Debtors submit that no further notice need be given.

**III.   CONCLUSION.**

WHEREFORE, the Debtors respectfully request entry of an order granting the relief requested herein and such other relief as is just and proper. A proposed form of order is attached hereto as **Exhibit A**.

RESPECTFULLY SUBMITTED this 22nd day of January, 2015.

> QUARLES & BRADY LLP
> Renaissance One
> Two North Central Avenue
> Phoenix, AZ  85004-2391
>
> By /s/ *John A. Harris*
>    John A. Harris
>    Robert P. Harris
>    Lori L. Winkelman
>    Jason D. Curry
>
> Proposed Attorneys for Debtors and Debtors-in-Possession