Quarles & Brady LLP
Firm State Bar No. 00443100
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004-2391
TELEPHONE 602.229.5200

Proposed Attorneys for Debtors and Debtors-in-Possession

John A. Harris (#014459)
john.harris@quarles.com
Robert P. Harris (#011523)
robert.harris@quarles.com
Lori L. Winkelman (#021400)
lori.winkelman@quarles.com
Jason D. Curry (#026511)
jason.curry@quarles.com

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>SKYMALL, LLC,<br><br>        Debtor.<br><br>Joint Administration pending with:<br><br>XHIBIT CORP.,<br>XHIBIT INTERACTIVE, LLC,<br>FLYREPLY CORP.,<br>SHC PARENT CORP.,<br>SPYFIRE INTERACTIVE, LLC,<br>STACKED DIGITAL, LLC, and<br>SKYMALL INTERESTS, LLC. | In Proceedings Under Chapter 11<br><br>Case No. 2:15-bk-00679-BKM<br><br>Joint Administration pending with Case Nos.:<br><br>2:15-bk-00680-MCW<br>2:15-bk-00682-MCW<br>2:15-bk-00684-DPC<br>2:15-bk-00685-MCW<br>2:15-bk-00686-MCW<br>2:15-bk-00687-GBN<br>2:15-bk-00688-EPB |
| This Pleading applies to:<br><br>    ☒ All Debtors<br>    ☐ Specified Debtors | **EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS UNDER 11 U.S.C. § 366 DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES AND ESTABLISHING DETERMINATION AND OBJECTION PROCEDURES** |

SKYMALL, LLC, *et al.*, the debtors and debtors-in possession (the "**Debtors**") in the above-captioned Chapter 11 cases (the "**Bankruptcy Cases**"), hereby file this Motion for the entry of an interim order (the "**Interim Order**") and a final order (the "**Final Order**") under §§ 105(a) and 366,[1] determining adequate assurance of payment for future utility services and establishing determination and objection procedures. This Motion seeks immediate entry of an order and is brought on an emergency basis on expedited notice under Local Bankruptcy Rule 9013-1(h) to avoid immediate and irreparable harm to the Debtors' estates.

> The relief requested in this Motion would determine adequate assurance of payment of future utility services and would establish determination and objection procedures for adequate assurance. The basis for the relief requested in this Motion is set forth in paragraphs 8 through 17, including subparts, below.

This Motion is further supported by following Memorandum of Points and Authorities, the *Declaration Of Scott Wiley In Support Of First Day Motions* (the "**First Day Declaration**"), and the entire record before the Court in these Bankruptcy Cases.

RESPECTFULLY SUBMITTED this 23rd day of January, 2015.

QUARLES & BRADY LLP
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004-2391


By /s/ *John A. Harris*
    John A. Harris
    Robert P. Harris
    Lori L. Winkelman
    Jason D. Curry

Proposed Attorneys for Debtors and Debtors-in-Possession

---

[1] Unless otherwise indicated, all chapter and section references in this Motion are to the U.S. Bankruptcy Code, 11 U.S.C. §§101, *et seq*. All "Rule" references are to the Federal Rules of Bankruptcy Procedure.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. FACTUAL AND PROCEDURAL BACKGROUND.

### Jurisdiction and Venue

1. On January 22, 2015 (the "**Petition Date**"), the Debtors filed voluntary petitions in this Court for relief under chapter 11.

2. The Debtors continue to operate their business and manage their assets and affairs as debtors-in-possession under 11 U.S.C. §§ 1107 and 1108.

3. This Court has jurisdiction over this chapter 11 case under 28 U.S.C. §§ 157 and 1334. The Motion presents a core proceeding under 28 U.S.C. § 157(b)(2).

4. The Debtors' principal operations are located in Maricopa County, Arizona. Accordingly, venue for the Debtors' Bankruptcy Cases is proper in this District under 28 U.S.C. §§ 1408 and 1409.

5. No trustee or examiner has been appointed in this Case, nor has an official committee of unsecured creditors been established.

### Background Facts Concerning the Debtor

6. The general background relevant to the Debtors and this Motion is stated in the First Day Declaration, which is incorporated herein by reference.

7. As of the Petition Date, the utility providers identified on **Exhibit A**[2] hereto provided services crucial to the Debtors' operations which might be characterized as utility services. As of the Petition Date, the Debtors were not delinquent on any of their prepetition obligations to any Utility Providers who supply services to the Debtors. None of the Utility Providers are holding a deposit from the Debtors. *See* First Day Declaration, ¶¶ 101-103.

---

[2] The Debtors do not admit that all creditors listed on Schedule 1 are "Utility Providers" as contemplated in 11 U.S.C. § 366; nevertheless, the Debtors have listed them out of an abundance of caution. The Debtors reserve the right to object to any Request (defined herein) made by a creditor listed on Schedule 1 on the ground that such creditor is not entitled to the protections of 11 U.S.C. § 366.

## II. RELIEF REQUESTED.

8. By this Motion, pursuant to 11 U.S.C. §§ 105(a) and 366, the Debtors seek an Order:

   a. Determining that the Debtors have complied with 11 U.S.C. § 366 and that Utilities Providers that provide utility services to the Debtors have been provided with adequate assurance of payment;

   b. Requiring any Utility Provider that is not satisfied with the assurance of future payment provided by the Debtors to serve a Request (defined herein) on the Debtors c/o Quarles & Brady LLP, One Renaissance Square, 2 North Central Avenue, Phoenix, Arizona 85004-2391, Attn.: Lori Winkelman, Esq.;

   c. Requiring the Debtors to provide to a Utility Provider that submits a timely Request, a deposit that is equal to the average value of one (1) week's worth of the service provided by the requesting Utility Provider based on an average of the cost of utility services provided in the 12-month period preceding the Petition Date (the "**Adequate Assurance Deposit**") as soon as is practicable after receipt of a Request, <u>but only if</u> the requesting Utility Provider does not already hold a deposit equal to or greater than the Adequate Assurance Deposit;

   d. Deeming a Utility Provider that receives an Adequate Assurance Deposit to have received adequate assurance of payment within the meaning of 11 U.S.C. § 366;

   e. Allowing the Debtors and/or the applicable Utility Provider to request a hearing date from the Court if the Debtors and the Utility Provider cannot agree on the amount of the Adequate Assurance Deposit, and, pending notice and a hearing on the matter, prohibiting the disputing Utility Provider from altering, refusing or discontinuing services to the Debtors or recovering or setting off against a prepetition deposit;

   f. Deeming any Utility Provider that fails to make a timely Request to have received adequate assurance of payment to such Utility Provider within the meaning of 11 U.S.C. § 366;

   g. Prohibiting all Utility Providers from altering, refusing or discontinuing utility services to the Debtors or recovering or setting off against a pre-Petition Date deposit absent further order of the Court; and

   h. Granting any related relief that the Court deems necessary or appropriate under the circumstances of these Bankruptcy Cases.

1  9. Such relief is sought on an emergency basis because the Debtors' on-going business concerns rely on utilities to function, but 11 U.S.C. § 366 allows the Debtors only twenty (20) days to provide adequate assurance of future performance to the Utility Providers. As detailed in the First Day Declaration, the Debtors do not have surplus cash and it will be a hardship if it is required to post a substantial deposit. *See* First Day Declaration, ¶ 104. Therefore, the Debtors request the emergency relief herein so as to avoid any utility shutoff, disruption, or related financial distress.

**III.   LEGAL ARGUMENT.**

10. Under Bankruptcy Code § 366, a utility may alter, refuse or discontinue utility service if a debtor has not provided satisfactory adequate assurance within thirty (30) days of its bankruptcy filing. 11 U.S.C. § 366(c)(2). Congress enacted § 366 to protect debtors from utility service cutoffs upon a bankruptcy filing while balancing utility providers' need for adequate assurance that the debtors will pay for postpetition services. *See* H.R. Rep. No. 95-595, at 350 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6306.

11. Section 366 requires only that a utility's assurance of payment be "adequate." *Accord In re Pacific Gas & Elec. Co.*, 271 B.R. 626, 644 (N.D. Cal. 2002) ("The use of the word 'may' in the second sentence [of section 366(b)] contemplates that the decision of whether to order security lies within the discretion of the Bankruptcy Court."); *In re Steinbach*, 303 B.R. 634, 641 (Bankr. D. Ariz. 2004) ("Bankruptcy courts are afforded reasonable discretion in determining what constitutes adequate assurance."). Courts recognize that adequate assurance of performance does not constitute an absolute guarantee of a debtor's ability to pay. *See In re Adelphia Bus. Solutions, Inc.*, 280 B.R. 63, 80 (Bankr. S.D.N.Y. 2002) ("In determining adequate assurance, a bankruptcy court is not required to give a utility company the equivalent of a guaranty of payment, but must only determine that the utility is not subject to any unreasonable risk of nonpayment for postpetition services."); *see also In re DBSI, Inc.*, 405 B.R. 698, 708 (Bankr. D. Del. 2009) ("The particular facts and circumstances of each case are evaluated and

1  taken into consideration to determine what constitutes adequate assurance.") (citation omitted); *In re Sweetwater*, 40 B.R. 733, 743-44 (Bankr. D. Utah 1984), *aff'd*, 57 B.R. 743 (D. Utah 1985); *In re Gehrke*, 57 B.R. 97, 98 (Bankr. D. Or. 1985); *Hennen v. Dayton Power & Light Company (In re Hennen)*, 17 B.R. 720, 725 (Bankr. S.D. Ohio 1982) (explaining that "adequate assurance" does not require "an absolute guarantee of payment" and that a bankruptcy court may consider the probability of continued payment through the bankruptcy case) (citations omitted); *In re George C. Frye Co.*, 7 B.R. 856, 858 (Bankr. D. Me. 1980) (stating that the debtor is required to demonstrate only that a "utility is not subject to an unreasonable risk of future loss") (citations omitted).

12. Bankruptcy Code section 366(c) limits the factors that a court can consider when determining whether an adequate assurance payment is, in fact, adequate. Specifically, courts may not consider (a) the absence of a security deposit before a debtor's petition date, (b) a debtor's history of timely payments or (c) the availability of an administrative expense priority when determining the amount of a deposit. 11 U.S.C. § 366(c)(3)(B). The bankruptcy court is not limited, however, in its ability to determine the amount of payment necessary, if any, to provide such adequate assurance. *See Begley v. Philadelphia Elec. Co. (In re Begley)*, 41 B.R. 402, 405-06 (E.D. Pa. 1984), *aff'd*, 760 F.2d 46 (3d Cir. 1985); *see also Va. Elec. & Power Co. v. Caldor, Inc.–NY*, 117 F.3d 646, 650 (2d Cir. 1997) ("Even assuming that other security should be interpreted narrowly . . . a bankruptcy court's authority to modify the level of the deposit or other security provided for under § 366(b), includes the power to require no deposit or other security where none is necessary to provide a utility supplier with adequate assurance of payment.") (internal quotation marks omitted).

13. Courts have also recognized that, in determining the requisite level of adequate assurance, bankruptcy courts should "focus upon the need of the utility for assurance, and to require that the debtor supply no more than that, since the debtor almost perforce has a conflicting need to conserve scarce financial resources." *Va. Elec. & Power Co.*, 117 F.3d at 650 (emphasis

1 in original); *see also In re Penn Cent. Transp. Co.*, 467 F.2d 100, 103–04 (3d Cir. 1972) (affirming bankruptcy court's ruling that no utility deposits were necessary where such deposits would likely "jeopardize the continuing operation of the [debtor] merely to give further security to suppliers who already are reasonably protected").

14. In order to maintain and keep utility services available to the Debtors, the Debtors propose that they provide an Adequate Assurance Deposit as soon as practicable to each Utility Provider that sends a request for an Adequate Assurance Deposit; provided that such request is made within fifteen (15) days of the Petition Date, sets forth the location(s) that utility services are provided, the account number(s) by which the Utility Provider identifies such location(s), and a statement of the amount of any pre-Petition Date deposit the Utility Provider may be holding (such request timely made, a "**Request**"). Any such Adequate Assurance Deposit shall be equal to one (1) week of utility service based on an average of the 12-month period prior to the Petition Date, but will be provided only if the Utility Provider does not already hold a deposit equal to or greater than the Adequate Assurance Deposit. In the event that a Utility Provider requests and accepts the Adequate Assurance Deposit, the Utility Provider shall have acknowledged that the Adequate Assurance Deposit is adequate assurance within 11 U.S.C. § 366. Further, any Utility Provider that does not timely submit a complying Request shall be deemed to have adequate assurance that is satisfactory within 11 U.S.C. § 366. In the event that a Utility Provider makes a timely and complying Request, but, within twenty (20) days of the Petition Date, the Utility Provider and the Debtors are unable to reach an agreement regarding the Adequate Assurance Deposit, either party shall have the ability to ask the Court to set a further hearing date to address such issues.

15. Under the Debtors' proposal as set forth in this Motion, the Utility Providers are protected. The Debtors have a long payment history with each Utility Provider, and the time period afforded to object to the procedure proposed under this Motion is reasonable. Furthermore, under the circumstances, the protections set forth in this Motion provide adequate

assurance to the Utility Providers and comply with the provisions of 11 U.S.C. § 366. Accordingly, the Utility Providers should be prevented from altering, refusing, or disconnecting service because these services are critical to the success in these Bankruptcy Cases of the Debtors.

## IV. **DEBTOR'S RESERVATION OF RIGHTS.**

16. Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under § 365. The Debtors expressly reserve their rights to contest any invoice of a Utility Provider under applicable non-bankruptcy law. Likewise, if this Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

## V. **NECESSITY FOR IMMEDIATE RELIEF.**

17. Bankruptcy Rule 6003 provides that "[e]xcept to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, grant . . . (b) a motion to use, sell, lease or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition . . . " Interruption of the Debtors' utility services would result in an immediate disruption to the Debtors' operations and irreparable harm to the Debtors' estate through (among other things) the potential loss of business, damage to the Debtors' property, and endangerment to the Debtors' employees. *See* First Day Declaration, ¶ 105. Accordingly, the relief requested herein is consistent with Rule 6003 and this Court should authorize the Debtors to implement the procedures set forth herein, including the provision of the Adequate Assurance Deposits.

**VI.    CONCLUSION.**

WHEREFORE, the Debtors respectfully request that the Court enter an Interim Order, substantially in the form attached hereto as **Exhibit B**, and a Final Order:

a. Determining that the Debtors have complied with 11 U.S.C. § 366 and that Utilities Providers that provide utility services to the Debtors have been provided with adequate assurance of payment;

b. Requiring any Utility Provider that is not satisfied with the assurance of future payment provided by the Debtors to serve a Request on the Debtors c/o Quarles & Brady LLP, One Renaissance Square, 2 North Central Avenue, Phoenix, Arizona 85004-2391, Attn.: Lori Winkelman, Esq.;

c. Requiring the Debtors to provide to a Utility Provider that submits a timely Request, a deposit that is equal to the average value of one (1) week's worth of the service provided by the requesting Utility Provider based on an average of the cost of utility services provided in the 12-month period preceding the Petition Date as soon as is practicable after receipt of a Request, but only if the requesting Utility Provider does not already hold a deposit equal to or greater than the Adequate Assurance Deposit;

d. Deeming a Utility Provider that receives an Adequate Assurance Deposit to have received adequate assurance of payment within the meaning of 11 U.S.C. § 366 upon receipt of the Adequate Assurance Deposit;

e. Allowing the Debtors and/or the applicable Utility Provider to request a hearing date from the Court if the Debtors and the Utility Provider cannot agree on the amount of the Adequate Assurance Deposit, and, pending notice and a hearing on the matter, prohibiting the disputing Utility Provider from altering, refusing or discontinuing services to the Debtors or recovering or setting off against a prepetition deposit;

f. Deeming any Utility Provider that fails to make a timely Request to have received adequate assurance of payment to such Utility Provider within the meaning of 11 U.S.C. § 366;

g. Prohibiting all Utility Providers from altering, refusing or discontinuing utility services to the Debtors or recovering or setting off against a pre-Petition Date deposit absent further order of the Court; and

h. Granting any related relief that the Court deems necessary or appropriate under the circumstances of these Bankruptcy Cases.

RESPECTFULLY SUBMITTED this 23rd day of January, 2015.

QUARLES & BRADY LLP
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004-2391

By /s/ *John A. Harris*
   John A. Harris
   Robert P. Harris
   Lori L. Winkelman
   Jason D. Curry

Proposed Attorneys for Debtors and Debtors-in-Possession