**Quarles & Brady** LLP
Firm State Bar No. 00443100
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004-2391
TELEPHONE 602.229.5200

Proposed Attorneys for Debtors and Debtors-in-Possession

John A. Harris (#014459)
john.harris@quarles.com
Robert P. Harris (#011523)
robert.harris@quarles.com
Lori L. Winkelman (#021400)
lori.winkelman@quarles.com
Jason D. Curry (#026511)
jason.curry@quarles.com

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | In Proceedings Under Chapter 11 |
| SKYMALL, LLC, | Case No. 2:15-bk-00679-BKM |
| Debtor. | |
| Joint Administration pending with: | Joint Administration pending with Case Nos.: |
| XHIBIT CORP., <br> XHIBIT INTERACTIVE, LLC, <br> FLYREPLY CORP., <br> SHC PARENT CORP., <br> SPYFIRE INTERACTIVE, LLC, <br> STACKED DIGITAL, LLC, and <br> SKYMALL INTERESTS, LLC. | 2:15-bk-00680-MCW <br> 2:15-bk-00682-MCW <br> 2:15-bk-00684-DPC <br> 2:15-bk-00685-MCW <br> 2:15-bk-00686-MCW <br> 2:15-bk-00687-GBN <br> 2:15-bk-00688-EPB |
| This Pleading applies to: <br> ☑ All Debtors <br> ☐ Specified Debtors | **MOTION FOR ORDER ESTABLISHING OFFICIAL SERVICE LIST AND LIMITING NOTICE** <br><br> Hearing Date: <br> Hearing Time: |

1. SKYMALL, LLC, et al., the debtors and debtors-in possession (the "**Debtors**") in the above-captioned Chapter 11 cases (the "**Bankruptcy Cases**"), respectfully requests that the Court enter an Order limiting the parties-in-interest that receive general notice in these Bankruptcy Cases by establishing an official service list (a proposed form of interim order is attached to this Motion as **Exhibit "A"**).

> The relief requested in this Motion would authorize the Debtors to limit the parties-in-interest that receive general notice in these Bankruptcy Cases by establishing an official service list. The basis for the relief requested in this Motion is set forth in paragraphs 8 through 19 below.

This Motion is further supported by following Memorandum of Points and Authorities, the *Declaration Of Scott Wiley In Support Of First Day Motions* (the "**First Day Declaration**"), and the entire record before the Court in these Bankruptcy Cases.

RESPECTFULLY SUBMITTED this 23rd day of January, 2015.

> QUARLES & BRADY LLP
> Renaissance One
> Two North Central Avenue
> Phoenix, AZ 85004-2391
>
>
> By /s/ *John A. Harris*
>   John A. Harris
>   Robert P. Harris
>   Lori L. Winkelman
>   Jason D. Curry
>
> Proposed Attorneys for Debtors and Debtors-in-Possession

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     FACTUAL AND PROCEDURAL BACKGROUND.**

1.     On January 22, 2015 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11, thereby commencing the above-captioned Bankruptcy Cases.[1]

2.     The Debtors continue to operate their businesses and manage their assets and affairs as debtors-in-possession under 11 U.S.C. §§ 1107 and 1108.

3.     The Court has jurisdiction over these Bankruptcy Cases under 28 U.S.C. §§ 157 and 1334, and these matters constitute core proceedings under 28 U.S.C. § 157(b)(2).

4.     The Debtors' principal place of business is located in Maricopa County, Arizona. Accordingly, venue of the Bankruptcy Cases is proper in the District of Arizona under 28 U.S.C. §§ 1408 and 1409.

5.     The statutory predicates for the relief requested in this Motion are 11 U.S.C. § 105 and Fed. R. Bankr. P. 2002 and 9007.

6.     No trustee or examiner has been appointed in these Bankruptcy Cases, nor has an official committee of unsecured creditors been established.

7.     The general background relevant to the Debtors and this Motion is stated in the First Day Declaration, which is incorporated herein by this reference.

**BASIS FOR RELIEF**

8.     The Debtors seek to reduce unnecessary administrative expenses resulting from service of papers on all parties currently on the master mailing list which includes approximately 1,500 parties.

9.     Accordingly, the Debtors request that the Court enter an order under Rules 2002 and 9007 limiting notice for all matters for which the Bankruptcy Code, Bankruptcy Rules or Local Bankruptcy Rules authorize the Court to designate or limit the parties entitled to notice to

---

[1]     Unless otherwise indicated, all chapter and section references in this Motion are to Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. All "Rule" references are to the Federal Rules of Bankruptcy Procedure.

1 an Official Service List consisting of (i) the United States Trustee; (ii) counsel for any official
2 committees; (iii) the secured creditors, to the extent any exist; (iv) Securities and Exchange
3 Commission, (v) the Internal Revenue Service; (vi) the twenty largest unsecured creditors of each
4 Debtor; (vii) any party against whom relief is sought; and (vi) those parties who have requested or
5 who later request special notice.

## LEGAL ARGUMENT

10. Rule 2002(a) provides that, unless otherwise ordered, notice of specified matters must be provided to, among others, all creditors. Other provisions of the Bankruptcy Code and Bankruptcy Rules require that notice of specific matters be given only to certain designated entities who are entitled to notice of the particular matters and to such other entities as the Court may direct.

11. Rule 2002(i) provides that "the court may order that notices required by subdivision (a)(2), (3) and (6) of this rule be transmitted to the United States Trustee and be mailed only to the committees . . . appointed under § 1102 of the Code or to their authorized agents and to the creditors and equity security holders who serve on the trustee or debtor in possession and file a request that all notices be mailed to them."

12. Rule 9007 grants the Court general authority to regulate notices for matters where the Bankruptcy Code and Bankruptcy Rules do not explicitly designate parties that must receive notice:

> When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.

*See also* 2002(m) Fed. R. Bankr. P.

13. There are approximately 1,500 creditors and parties-in-interest involved in these Bankruptcy Cases, such that mailing notices concerning all matters to each creditor and party-in-

interest is impractical and would impose an enormous administrative and economic burden on the Debtors' estates.

14. Therefore, the Debtors propose that the Court enter an Order pursuant to Rules 2002(i), 2002(m) and 9007, limiting notice and designating the parties upon whom notice must be served with respect to all matters for which the Bankruptcy Code, Bankruptcy Rules, or Local Bankruptcy Rules authorize the Court to designate or limit the parties entitled to notice.

15. Specifically, the Debtors request that the Court order that all pleadings, including but not limited to notices, motions, stipulations, complaints, and supporting documents such as declarations and exhibits be served only upon the following parties: (i) the United States Trustee; (ii) counsel for any official committees; (iii) the secured creditors, to the extent any exist; (iv) Securities and Exchange Commission, (v) the Internal Revenue Service; (vi) the twenty largest unsecured creditors of each Debtor; (vii) any party against whom relief is sought; and (viii) those parties who have requested or who later request special notice. In addition, the Debtors request that the foregoing parties constitute the Official Service List in the Debtors' Bankruptcy Cases.

16. Notwithstanding any of the foregoing, in accordance with Rule 2002, all creditors and parties in interest will receive notice of the following: (i) the 341 meeting; (ii) the time fixed for filing proofs of claim; (iii) the time fixed for filing objections and hearing to consider approval of the disclosure statement; (iv) the time fixed for filing objections and hearing to consider confirmation of the plan of reorganization; (v) the time fixed to accept or reject the plan; and (vi) entry of an order confirming a plan of reorganization.

17. The Debtors believe that adoption of the Official Service List and related procedures is necessary and appropriate. Limiting notice to the extent provided herein will greatly reduce the burden and cost that providing such notice would impose upon the Debtors' estate. Moreover, the interests of creditors are protected because notice of all matters will be served upon the United States Trustee and counsel for any official committees, which is sufficient to protect their interests regarding the evaluation of the actions proposed to be taken as described

in the notices to be given. Additionally, any creditor or party-in-interest who is sufficiently interested in the kinds of transactions which are the subject of the requested limitations of notice may, by special request served upon Debtors' counsel, be added to the Official Service List.

18. The requested relief will reduce the burden, complication, delay, and cost to the Debtors' estates associated with mailing notice of all pleadings and other papers filed in these cases to all secured and unsecured creditors and all debt and equity security holders who have requested special notice.

19. In addition to the foregoing relief, the Debtors request that they be authorized to provide the notices presented in this Motion by electronic mail ("e-mail") to the extent that the recipient has an e-mail address. Granting this request will save the Debtors' estates considerable expense.

Notice of this Motion has been given to the Office of the United States Trustee and all parties on the list of the twenty largest unsecured creditors for each of the Debtors

## **CONCLUSION**

WHEREFORE, the Debtors request that the Court enter an Order substantially in the form attached hereto as **Exhibit "A"**:

A. Granting the Motion;

B. Limiting notice to the Official Service List with respect to all matters for which the Bankruptcy Code, Bankruptcy Rules or Local Bankruptcy Rules authorize the Court to designate or limit the parties entitled to notice;

C. Setting the Official Service List to include: (i) the United States Trustee; (ii) counsel for any official committees; (iii) the secured creditors, to the extent any exist; (iv) Securities and Exchange Commission, (v) the Internal Revenue Service; (vi) the twenty largest unsecured creditors of each Debtor; (vii) any party against whom relief is sought; and (viii) those parties who have requested or who later request special notice;

D. Permitting the Debtors to provide notice by e-mail; and

E. Granting such other relief as the Court deems just and proper under the circumstances.

RESPECTFULLY SUBMITTED this 23rd day of January, 2015.

QUARLES & BRADY LLP
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004-2391

By /s/ *John A. Harris*
    John A. Harris
    Robert P. Harris
    Lori L. Winkelman
    Jason D. Curry

Proposed Attorneys for Debtors and Debtors-in-Possession