Quarles & Brady LLP
Firm State Bar No. 00443100
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004-2391
TELEPHONE 602.229.5200

Proposed Attorneys for Debtors and Debtors-in-Possession

John A. Harris (#014459)
john.harris@quarles.com
Robert P. Harris (#011523)
robert.harris@quarles.com
Lori L. Winkelman (#021400)
lori.winkelman@quarles.com
Jason D. Curry (#026511)
jason.curry@quarles.com

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

In re:

SKYMALL, LLC,

Debtor.

Joint Administration pending with:

XHIBIT CORP.,
XHIBIT INTERACTIVE, LLC,
FLYREPLY CORP.,
SHC PARENT CORP.,
SPYFIRE INTERACTIVE, LLC,
STACKED DIGITAL, LLC, and
SKYMALL INTERESTS, LLC.

This Pleading applies to:

☑ All Debtors
☐ Specified Debtors

In Proceedings Under Chapter 11

Case No. 2:15-bk-00679-BKM

Joint Administration pending with Case Nos.:

2:15-bk-00680-MCW
2:15-bk-00682-MCW
2:15-bk-00684-DPC
2:15-bk-00685-MCW
2:15-bk-00686-MCW
2:15-bk-00687-GBN
2:15-bk-00688-EPB

**EMERGENCY APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF COHNREZNICK CAPITAL MARKET SECURITIES, LLC AS INVESTMENT BANKER PURSUANT TO 11 U.S.C. §§ 327 AND 328**

[PORTION OF COMPENSATION BASED ON PERCENTAGE OF SALE TRANSACTION UNDER § 328(a)]

**Hearing Date:** **January 27, 2015**
**Hearing Time:** **1:30 p.m.**

SKYMALL, LLC, *et al.*, the debtors and debtors-in possession (the "**Debtors**") in the above-captioned Chapter 11 cases (the "**Bankruptcy Cases**"), file this Application for entry of an order under 11 U.S.C. §§ 327(a) and 328(a) authorizing their employment and retention of CohnReznick Capital Market Securities, LLC ("**CRCMS**"), as investment banker to the Debtors.

The relief requested in this Application would authorize the Debtors to employ and retain CohnReznick as their investment banker in these Bankruptcy Cases under Bankruptcy Code §§ 327, 328, and 1103. The basis for the relief requested in this Application is set forth in paragraphs 8 through 19 below.

This Application is supported by the (i) *Verified Statement in Support of Debtors' Emergency Application for Entry of an Order Authorizing the Employment and Retention of CohnReznick Capital Market Securities, LLC as Investment Banker Pursuant to 11 U.S.C. §§ 327 and 328* (the "**Manning Statement**"), attached hereto as **Exhibit A**, and (ii) the *Declaration Of Scott Wiley In Support Of First Day Motions* (the "**First Day Declaration**"), filed contemporaneously with this Application, and the entire record before this Court.

## BACKGROUND

### Jurisdiction and Venue

1. On January 22, 2015 (the "**Petition Date**"), the Debtors filed voluntary petitions in this Court for relief under chapter 11.[1]

[1] Unless otherwise indicated, all chapter and section references in this Application are to Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. All "Rule" references are to the Federal Rules of Bankruptcy Procedure.

Quarles & Brady LLP

2. The Debtors continue to operate their business and manage their assets and affairs as debtors-in-possession under 11 U.S.C. §§ 1107 and 1108.

3. The Court has jurisdiction over these Bankruptcy Cases under 28 U.S.C. §§ 157 and 1334. This Application presents a core proceeding under 28 U.S.C. § 157(b)(2).

4. The Debtors' principal place of business is located in Maricopa County, Arizona. Accordingly, venue of the Bankruptcy Cases is proper in the District of Arizona under 28 U.S.C. §§ 1408 and 1409.

5. The statutory predicates for the relief requested in this Application are §§ 327(a), 328(a), 1103, and Rule 2014.

6. No trustee or examiner has been appointed in these Bankruptcy Cases, nor has an official committee of unsecured creditors been established.

7. The general background relevant to the Debtors and this Application is stated in the Manning Statement and the First Day Declaration, which are incorporated herein by this reference.

**RELIEF REQUESTED**

8. By this Application, the Debtors seek to retain CRCMS as their sole and exclusive investment banker in these Bankruptcy Cases, pursuant to §§ 327(a), 328(a), 1103 and in accordance with the amended engagement agreement, dated January 9, 2015 between the Debtors and CRCMS, attached to the Manning Statement as Exhibit 1 (the "**Engagement Agreement**").[2] It is essential to the Debtors' efforts in these Bankruptcy Cases that they employ CRCMS to perform the services discussed herein.

**QUALIFICATIONS**

9. As evidenced by the Manning Statement, CRCMS is the wholly-owned investment bank of CohnReznick, LLP ("**CR**"), and CR is amongst the ten largest accounting and consulting firms in the United States. Professionals at CRCMS and CR specialize in providing investment

[2] Although CohnReznick, LLP ("**CR Consultants**") is referenced in the engagement letter, the Debtors are not requesting that CR Consultants be employed at this time and no amounts will be paid to CR Consultants without further application to and approval by the Court.

Quarles & Brady LLP

banking and restructuring advisory services to companies throughout many industries. For instance, CRCMS's professionals have provided investment banking and financial advisory services in the following bankruptcy matters, among others: Greek Peak Mountain Resorts (Northern District of New York/Syracuse), Nutrition 21 (Southern District of New York/White Plains), Borders (Southern District of New York), Dial-A-Mattress (Eastern District of NY), Freedom Communications (District of DE), Greektown Holdings (Eastern District of Michigan), and Cardiac Management Systems (Southern District of Florida). In addition, certain CRCMS professionals who may be working on this matter have significant experience serving as restructuring advisors to financially troubled companies in chapter 11.

10. CRCMS is able to assist the Debtors in their chapter 11 efforts. CRCMS is well-qualified to provide its services to the Debtors in a cost-effective, efficient and timely manner. CRCMS is willing to act on behalf of the Debtors and subject itself to the jurisdiction and supervision of the Court. Additionally, CRCMS will coordinate with the Debtors and the other retained professionals in this chapter 11 case to eliminate unnecessary duplication or overlap of work.

**SERVICES TO BE RENDERED**

11. CRCMS was retained by the Debtors to provide investment banking services relating to a potential transaction. As more fully described in the Engagement Agreement, at the request and direction of the Debtors, CRCMS will provide financial services and advice primarily in arranging a potential expedited sale of essentially all of SkyMall's assets under Section 363 of the Bankruptcy Code. CRCMS will not perform any financial advisory services that would be duplicative of any other professional retained by the Debtors. In accordance with the Engagement Agreement,[3] the Debtors have engaged CRCMS to perform the following services:

a. identify opportunities for the sale of the Debtors' assets and business;

[3] Capitalized terms not defined herein shall have the meaning given to them in the Engagement Agreement.

Quarles & Brady LLP

b. pursue the sale of the Debtors;

c. advise the Debtors concerning opportunities for such sales;

d. as requested by the Debtors, participate in negotiations concerning such sale; and

e. advising the Debtors on other matters that may arise from time to time during this engagement.

12. To the best of the CRCMS's knowledge, information and belief, except as set forth in the Manning Statement and except as set forth herein, CRCMS has no connection with, and holds no interest adverse to, the Debtors, their estates, their creditors, holders of their equity securities or any party in interest in these cases, nor to the best of the CRCMS's knowledge does CRCMS hold any interest adverse to the interests of the Debtors, except as set forth in the Manning Statement.

**COMPENSATION**

13. Under the terms of the Engagement Agreement and subject to this Court's approval, highlights of CRCMS's fees include:

a. **Initial Retainer.** An initial fee of $50,000, payable upon the execution of this Agreement. The Debtors' paid this retainer on January 5, 2015.

b. **Second Retainer.** An additional fee of $25,000, payable on or about February 16, 2015.

c. **Transaction Fee.** Upon consummation of the sale, subject to the court's review and approval, on or about the closing the Debtors shall cause to pay CRCMS the greater of $200,000, or the following percentages applied to the Consideration involved in the sale:

| Consideration | Percentage |
|---|---|
| Up to $5.0 million | 5.00% |
| Consideration over $5.0 million | 3.00% |

14. In addition to any of the foregoing fees for professional services, the Debtors have agreed to pay, as requested from time to time, CRCMS's direct and reasonable out-of-pocket

Quarles & Brady LLP

expenses (including document and presentation material expenses) incurred in carrying out its duties under this engagement. Such out-of-pocket expenses shall be subject to court review and approval.

15. This fee structure is consistent with the customary billing practices of CRCMS for comparably sized and complex cases involving the services to be provided in these Bankruptcy Cases. The compensation structure was established to reflect the difficulty of the extensive assignments CRCMS expect to undertake and the potential for failure. Further, the fee structure set forth in the Engagement Agreement was agreed upon by the parties thereto in anticipation that a substantial commitment of professional time and effort would be required of CRCMS, and in light of the fact that such commitment may foreclose other opportunities for CRCMS, and that the actual time and commitment required of CRCMS and its professionals to perform its services hereunder may vary substantially from week to week.

16. CRCMS intends to apply to this Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the local rules, the guidelines established by the United States Trustee (except as set forth below), and such other procedures as may be fixed by order of this Court. Compensation will be payable to CRCMS in compliance with the above rules, and the Engagement Agreement.

17. It is not the general practice of investment banking firms to keep detailed time records similar to those customarily kept by attorneys. Indeed, in the ordinary course of its business, CRCMS does not charge for its services on an hourly basis. CRCMS seeks a waiver of the requirement to bill in detail in tenths (0.1) of an hour. In lieu thereof, and as an accommodation to the Court, CRCMS proposes that its professionals will maintain time records, to the best of their ability, in quarter-hour increments.

**BANKRUPTCY RULE 6003**

18. Under Bankruptcy Rule 6003, the Court may grant relief regarding an application under Bankruptcy Rule 2014 to retain a professional within 20 days after the filing of the petition to the extent the relief is necessary to avoid immediate and irreparable harm. Bankruptcy Rule 6003 does not, however, expressly prevent courts from entering interim orders approving professional retentions during the first 20 days of the Chapter 11 case. *See, e.g., First NLC Fin. Servs, LLC*, 2008 Bankr. LEXIS 1466, *4 (Bankr. S.D. Fla. 2008) (approving interim retention of legal counsel and financial advisor within first 20 days of the Chapter 11 case).

19. The Debtors further submit that failure to authorize the Debtors to retain CRCMS within the first 20 days of this case would cause immediate and irreparable harm. As investment banker to the Debtors, CRCMS's services are essential to these Bankruptcy Cases, especially during this critical initial period.

**CONCLUSION**

WHEREFORE, the Debtors request that the Court: (a) enter an order in the form attached hereto as **Exhibit B** authorizing the Debtors' retention and employment of CRCMS on the terms outlined in this Application; and (b) grant such other relief that is just and proper.

RESPECTFULLY SUBMITTED this 23d day of January, 2015.

SKYMALL, LLC, et al.,
debtors and debtors-in-possession

By [signature]
Scott Wiley

Authorized Signatory

PREPARED AND SUBMITTED BY:

QUARLES & BRADY LLP
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004-2391

By: /s/ John A. Harris
John A. Harris

Proposed Attorneys for Debtors-in-Possession

Quarles & Brady LLP

QB\32511865.2