# EXHIBIT "B"

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>SKYMALL, LLC,<br>              Debtor.<br><br>Joint Administration pending with:<br><br>XHIBIT CORP.,<br>XHIBIT INTERACTIVE, LLC,<br>FLYREPLY CORP.,<br>SHC PARENT CORP.,<br>SPYFIRE INTERACTIVE, LLC,<br>STACKED DIGITAL, LLC, and<br>SKYMALL INTERESTS, LLC. | In Proceedings Under Chapter 11<br><br>Case No. 2:15-bk-00679-BKM<br><br>Joint Administration pending with Case Nos.:<br><br>2:15-bk-00680-MCW<br>2:15-bk-00682-MCW<br>2:15-bk-00684-DPC<br>2:15-bk-00685-MCW<br>2:15-bk-00686-MCW<br>2:15-bk-00687-GBN<br>2:15-bk-00688-EPB |
| This Pleading applies to:<br><br>☑ All Debtors<br>☐ Specified Debtors | **ORDER APPROVING EMERGENCY APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF COHNREZNICK CAPITAL MARKET SECURITIES, LLC AS INVESTMENT BANKER PURSUANT TO 11 U.S.C. §§ 327 AND 328**<br><br>[PORTION OF COMPENSATION BASED ON PERCENTAGE OF SALE TRANSACTION UNDER § 328(a)] |

This matter came before the Court on the *Emergency Application for Entry of an Order Authorizing the Employment and Retention of CohnReznick Capital Market Securities, LLC as Investment Banker Pursuant to 11 U.S.C. §§ 327 and 328* (the "**Application**")[1] filed by SKYMALL, LLC, *et al.*, the debtors and debtors-in possession (the "**Debtors**") in the above-captioned Chapter 11 cases (the "**Bankruptcy Cases**"). In the Application, the Debtors seek entry of an order under 11 U.S.C. §§ 327, 328, and 1103, authorizing its employment and retention of CohnReznick Capital Market Securities, LLC ("**CRCMS**"), as investment banker to the Debtors. The Application is supported by the *Verified Statement in Support of Debtors' Emergency Application for Entry of an Order Authorizing the Employment and Retention of CohnReznick Capital Market Securities, LLC as Investment Banker Pursuant to 11 U.S.C. §§ 327 and 328* (the "**Manning Statement**").

Having reviewed the Application and the Manning Statement, the Court finds and concludes that: (i) it has jurisdiction over the matters raised in the Application under 28 U.S.C. §§ 157 and 1334; (ii) venue of this matter is proper under 28 U.S.C. §§ 1408 and 1409; (iii) the Application presents a core proceeding under 28 U.S.C. § 157(b)(2); (iv) the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; (v) adequate and proper notice of the Application has been given and no other or further notice is necessary; (vi) CRCMS is "disinterested" within the meaning of 11 U.S.C. §§ 101(14); and (v) good and sufficient cause exists for granting the relief requested in the Application. In light of the foregoing:

**IT IS ORDERED THAT**:

1. The Application is **GRANTED**.

---

[1] Capitalized terms not defined in this Order shall have the meanings ascribed to them in the Application.

2. Under 11 U.S.C. § 328, the Debtors, as debtors-in-possession, are authorized to retain and employ CRCMS as their investment banker to perform the services set forth in the Application.

3. CRCMS will be compensated in accordance with the procedures set forth in the Application, the Engagement Agreement, and in accordance with Bankruptcy Code §§ 328, 330 and 331 and all applicable Bankruptcy Rules, Local Rules, and Orders of this Court.

4. CRCMS's professionals are authorized to maintain time records, to the best of their ability, in quarter-hour increments.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted by this Order in accordance with the Application.

6. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

8. Approval of employment of a professional person does not automatically approve any fee arrangement set forth in the application or any attachments thereto. No fees are pre-approved by the court. Any request for a professional fee must be made separately, by a detailed application supporting the request, notice must be given to creditors and other parties-in-interest, and the court must have an opportunity to review any objections which any party may have. The Court may also consider the application in the absence of any objections, and may adjust the fees according to the merits of the particular case. 11 U.S.C. §§ 327, 328, 329, 330, and 331.

**DATED AND SIGNED AS INDICATED ABOVE.**