ILENE J. LASHINSKY (#003073)
United States Trustee
District of Arizona

LARRY L. WATSON (CA BAR No. 193531)
Trial Attorney
230 N. First Ave, Suite 204
Phoenix, Arizona 85003
E-mail: larry.watson@usdoj.gov
(602) 682-2607

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| In re: | In Proceedings Under Chapter 11 |
|---|---|
| SKYMALL, LLC, | Case No. 2:15-bk-00679-BKM |
| Debtor. | |
| Joint Administration pending with: | Joint Administration pending with Case Nos.: |
| XHIBIT CORP., | 2:15-bk-00680-MCW |
| XHIBIT INTERACTIVE, LLC, | 2:15-bk-00682-MCW |
| FLYREPLY CORP., | 2:15-bk-00684-DPC |
| SHC PARENT CORP., | 2:15-bk-00685-MCW |
| SPYFIRE INTERACTIVE, LLC, | 2:15-bk-00686-MCW |
| STACKED DIGITAL, LLC, and | 2:15-bk-00687-GBN |
| SKYMALL INTERESTS, LLC. | 2:15-bk-00680-EPB |
| This Pleading applies to:<br>☒ All Debtors<br>☐ Specified Debtors | **UNITED STATES TRUSTEE'S OMNIBUS RESPONSE TO FIRST DAY MOTIONS FILED BY DEBTORS** |

The United States Trustee for the District of Arizona, Ilene J. Lashinsky ("UST"), hereby files her responses to the first day motions ("First Day Motions") that were filed on January 22nd and 23rd, 2015, in the above referenced cases. The U.S. Trustee hereby responds to the First Day Motions in the order to be addressed at the hearing currently scheduled to be held on January 27, 2015 at 1:30 p.m. ("First Day Motions Hearing").

1

1. Request for Joint Administration:  The U.S. Trustee has no objection to this request.

2. Application to Employ Quarles & Brady, LLP as General Bankruptcy Counsel and Restructuring Counsel

    The U.S. Trustee has no objection at this time to the employment of Quarles & Brady, LLP ("Quarles") on an interim basis pending final hearing, as predicated upon each professionals' declaration of disinterestedness and lack of disqualifying conflicts.

    The U.S. Trustee reserves all rights to raise objections at any time during these bankruptcy proceedings should she determine that factors exist which call for the disqualification of any professional employed in these Cases.

    The U.S. Trustee objects to any retainer held by a professional on an advanced fee basis, or in any other form, that takes away the discretion of the Court's award of professional fees or prejudices other administrative creditors who share equal priority with such professionals.

3. Application to Employ CohenReznick Capital Marketing Securities, LLC as Investment Banker

    The U.S. Trustee has no objection to the employment of CohenReznick Capital Marketing Securities, LLC ("CCMS") to the extent the firm is employed pursuant to 11 U.S.C. §§ 327, 328 and 330, wherein CCMS fees and expenses are subject to a reasonableness review by the Court and any and all related indemnification provisions are stricken.

    The U.S. Trustee objects to the CCMS Employment Application as it is currently proposed on two grounds.  First, the application seeks to restrict the Court's review of CCMS' proposed fees and costs subject to the 11 U.S.C. § 328 improvident standard.  There is no reason why CCMS should not be required to demonstrate that the value of their services are "reasonable" subject to the standard required by 11 U.S.C. § 330 - the same standard that is applied to every other professional in the case.

Second, the CCMS Employment Application contains an indemnification clause that is inappropriate under the facts of this case and is disfavored overall by the Ninth Circuit Court of Appeals ("Ninth Circuit"). The seminal decisions in the Ninth Circuit tell us that "injunctions," "releases," and "indemnifications" of claims against insiders or against non-debtors incorporated into a plan of reorganization are prohibited by Bankruptcy Code § 524(e). *See* Resorts Intl., Inc. v. Lowenschuss, (In re Lowenschuss), 67 F. 3d 1394, 1402 (9th Cir. 1995); In re American Hardwoods, 885 F.2d 621, 626 (9th Cir. 1989); Underhill V. Royal, 769 F.2d 1426, 1432 (9th Cir. 1985) (Ninth Circuit holding that despite the consent of creditors to a plan of reorganization that purports to discharge a non-debtor, does not override the restrictions imposed by Bankruptcy Code § 524(e).)

The U.S. Trustee is not aware of any case that cuts back on the established criteria in the Ninth Circuit. In more recent cases, bankruptcy courts have taken great pains to ensure they do not exceed the bounds established by *Lowenchuss, American Hardwood,* and *Underhill* (the "Ninth Circuit Standard").

Numerous bankruptcy decisions have continued to honor the Ninth Circuit Standard. As discussed in more detail below, one bankruptcy court stated, ". . . in examining the requirements of § 524(e), decisions in the Ninth Circuit do not favor exculpation or indemnification provisions that limit liability for negligence or breaches of fiduciary duties. *See* In re WCI Cable, Inc., 282 B.R. 457, 479 (Bkrtcy.D.Or.,2002) *citing* In re Metricom, Inc., 275 B.R. 364 (Bankr. N.D. Cal. 1991)(Broad indemnification and exculpation provision of financial advisor agreement not approved, based on no showing of reasonableness, but such provisions not invalid *per se*); In re Mortgage & Realty Trust, 123 B.R. 626 (Bankr. C.D. Cal. 1991)(Provisions of investment advisor agreement not approved providing for indemnification extending only to acts other than negligence, gross negligence, or willful misconduct.).

United States Bankruptcy Judge Montelli went so far as to expressly state in his decision:

> This court is bound by, and does not question, the legal principle set forth in *Lowenschuss,* in *In re American Hardwoods, Inc.,* 885 F.2d 621, 626 (9th Cir.1989), and in *Underhill v. Royal,* 769 F.2d 1426,

Case 2:15-bk-00679-BKM    Doc 27    Filed 01/26/15    Entered 01/26/15 15:55:20    Desc
Main Document    Page 3 of 5

1432 (9th Cir.1985) that liabilities of nondebtors cannot be discharged.

*See* In re Pacific Gas & Electric Company, 304 B.R. 395, 418 n. 26 (Bankr. N.D.Cal. 2004).

Based upon the foregoing, the Court should not approve the CCMS Employment Application as currently contemplated.

4. Motion for Order Establishing Official Service List and Limiting Notice – The U.S. Trustee requests that any such Order allow parties to request service to be delivered in the form best suited to their individual needs. In the event that a party requests that service be delivered in writing by regular mail, counsel shall provide such notice accordingly.

5. Utility Motion - The U.S. Trustee objects to the Debtors' requested procedures. The Debtors are not in peril of immediate loss of utility services. The revised BAPCPA provisions pursuant to 11 U.S.C. § 366 forbid a utility from altering, refusing, or discontinuing services to the Debtors for the first 20 days of the bankruptcy proceedings. Within the first 20 days of the bankruptcy filings the Debtors are provided a "safe harbor" period to properly notice their Utility Motion and obtain a hearing date that will allow the Court and utility providers to adequately review and address the requested relief in a manner that does not prejudice any party.

The U.S. Trustee recommends that the Court set a hearing within 14 days of the First Day Motions Hearing to address the Utility Motion during the safe harbor period.

6. Insurance Motion - The U.S Trustee has no objection to this motion to the extent that it only approves insurance contracts that are necessary to the ongoing operations of the Debtor without disruption and serves to protect the assets and going concern value of the bankruptcy estate. The U.S. Trustee has been advised by Debtors' counsel that this motion in no way provides a direct monetary benefit to the officers and directors of the Debtors upon a termination of their employment with the Debtors or their related bankruptcy estates.

4

7. <u>Cash Management Motion</u> - Without waiving any requirements, the U.S. Trustee does not object to the Debtors' interim ongoing use of their ordinary course cash management system. The U.S. Trustee will take the time to understand the Debtors' cash management system and will make her final determination as to the application of the U.S. Trustee guidelines prior to a final hearing on this matter.

8. <u>Wage Motion</u>: The U.S. Trustee does not object to the payment of employees up to the amount of the statutory priority amounts for pre-petition wages. That said, all such payments are subject to potential disgorgement dependent upon the outcome of this case and possible absolute priority issues that may arise at that time.

   The payment of payroll taxes, sales taxes and other such "trust" taxes must be sequestered and properly accounted for by law. These trust taxes are not property of the estate. The Debtors' failure to properly account for and manage these funds is in and of itself adequate grounds for the appointment of a trustee. As such, the U.S. Trustee has no objection to the Debtors performing their fiduciary duty as to these matters.

   The Debtors and U.S. Trustee have agreed to address the request for bonus and severance compensation at the Final Hearing on this motion.

9. <u>Sale Procedures Motion</u> – The U.S. Trustee has resolved her concerns with the Debtor regarding the proposed sale procedures. Those issues will be discussed with the Court in detail at the First Day Motion Hearing.

RESPECTFULLY SUBMITTED this 26th day of January, 2015.

        ILENE J. LASHINSKY
        United States Trustee
        District of Arizona


        <u>/s/ Larry L. Watson</u>
        LARRY L.WATSON
        Trial Attorney