# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

# Minute Entry

## Hearing Information:

| | |
|---:|:---|
| **Debtor:** | SKYMALL, LLC FKA SKYMALL, INC. |
| **Case Number:** | 2:15-BK-00679-BKM     **Chapter:** 11 |
| **Date / Time / Room:** | TUESDAY, JANUARY 27, 2015 01:30 PM    7TH FLOOR #701 |
| **Bankruptcy Judge:** | BRENDA K. MARTIN |
| **Courtroom Clerk:** | ELIZABETH IRISH |
| **Reporter / ECR:** | JO-ANN STAWARSKI |

## Matters:

1) EX PARTE MOTION FOR EMERGENCY HEARING ON DEBTORS' FIRST DAY MOTIONS FILED BY JOHN A. HARRIS ON BEHALF OF SKYMALL, LLC FKA SKYMALL, INC.
   **R / M #:** 15 / 0

2) EMERGENCY MOTION FOR ORDER AUTHORIZING AND DIRECTING (1) JOINT ADMINISTRATION, (2) TRANSFERRING ASSIGNMENT OF CASES TO SAME JUDGE, AND (3) USE OF A CONSOLIDATED CAPTION
   **R / M #:** 6 / 0

3) EMERGENCY APPLICATION FOR ENTRY OF AN ORDER UNDER 11 U.S.C. §327(a) AUTHORIZING THE EMPLOYMENT AND RETENTION
   **R / M #:** 13 / 0

4) EMERGENCY APPLICATION FOR ENTRY OF ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF COHENREZNICK CAPITAL MARKETING SECURITIES, LLC AS INVESTMENT BANKER PURSUANT TO 11 U.S.C. SECTIONS 327 AND 328
   **R / M #:** 21 / 0

5) MOTION FOR ORDER ESTABLISHING OFFICIAL SERVICE LIST AND LIMITING NOTICE
   **R / M #:** 14 / 0

6) EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS UNDER 11 U.S.C. §§ 366 DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES AND ESTABLISHING DETERMINATION AND OBJECTION PROCEDURES
   **R / M #:** 10 / 0

7) EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING THE DEBTORS TO (A) CONTINUE PREPETITION INSURANCE COVERAGE, (B) MAINTAIN PREMIUM FINANCING AGREEMENTS, AND (C) OTHERWISE HONOR PREPETITION OBLIGATIONS RELATED THERETO
   **R / M #:** 11 / 0

8) EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS UNDER 11 U.S.C. §§ 105(a), 345 AND 363: (A) AUTHORIZING MAINTENANCE AND USE OF DEBTORS EXISTING BANK ACCOUNTS, CASH MANAGEMENT SYSTEM, CREDIT CARD PROCESSING SYSTEM, AND BUSINESS FORMS; AND (B) WAIVING INVESTMENT AND DEPOSIT REQUIREMENTS
   **R / M #:** 9 / 0

9) EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS UNDER 11 U.S.C §§ 105, 363, AND 507 AUTHORIZING THE DEBTORS TO CONTINUE TO PAY PRE-PETITION WAGES, COMPENSATION, AND HONOR EMPLOYEE BENEFIT PLANS AND PROGRAMS
   **R / M #:** 12 / 0

Case 2:15-bk-00679-BKM    Doc 45    Filed 01/27/15    Entered 01/29/15 14:02:31    Desc
Main Document     Page 1 of 6

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

# Minute Entry

(continue)...　2:15-BK-00679-BKM　　TUESDAY, JANUARY 27, 2015　01:30 PM

10) MOTION FOR ORDERS (I) AUTHORIZING BIDDING PROCEDURES AND AUCTION, (II) SCHEDULING SALE HEARING AND APPROVING NOTICE THEREOF, (III) AUTHORIZING SALE OF ASSETS, AND (IV) GRANTING RELATED RELIEF
   R / M #: 　22 / 0

## *Appearances:*

JOHN A. HARRIS, ATTORNEY FOR SKYMALL, LLC FKA SKYMALL, INC.
ROBERT HARRIS, ATTORNEY FOR SKYMALL, LLC FKA SKYMALL, INC.
LORI WINKELMAN, ATTORNEY FOR SKYMALL, LLC FKA SKYMALL, INC.
JASON CURRY, ATTORNEY FOR SKYMALL, LLC FKA SKYMALL, INC.
LARRY WATSON, ATTORNEY FOR U. S. TRUSTEE
TAMALYN LEWIS, ATTORNEY FOR AMERICAN AIRLINES AND US AIRWAYS
JOHN ELROD, ATTORNEY FOR UNITED PARCEL SERVICE INC
AUTUMN HIGHSMITH, ATTORNEY FOR U. S. AIRWAYS AND AMERICAN AIRLINES
HARRIS WINSBERG, ATTORNEY FOR DELTA AIRLINES
DAVID BOTTER, ATTORNEY FOR CONNEXIONS

# Minute Entry

(continue)... 2:15-BK-00679-BKM     TUESDAY, JANUARY 27, 2015 01:30 PM

## *Proceedings:*

COURT: THE COURT HAS READ EVERYTHING AND RECEIVED THE AGENDA.

Mr. John Harris provides a case background and history. He discusses credit claims and assets. He reviews the marketing and sale process. He has had a number of discussions with the U. S. Trustee. They have resolved the majority of the U. S. Trustee's comments.

ITEM 2) EMERGENCY MOTION FOR ORDER AUTHORIZING AND DIRECTING (1) JOINT ADMINISTRATION, (2) TRANSFERRING ASSIGNMENT OF CASES TO SAME JUDGE, AND (3) USE OF A CONSOLIDATED CAPTION

Mr. John Harris reviews the motion. The request is for joint administration only not consolidation. He asks the Court to enter an order. He responds to the Court's questions. He suggests and recommends putting in any claim bar date notice instructions to identify the debtor to whom they assert their claim.

Mr. Watson has no objection. It makes sense in this case. He clarifies that monthly operating reports need to be filed in each individual case.

COURT: THE COURT WILL SIGN AN ORDER IF COUNSEL WILL UPLOAD IT.

ITEM 3) EMERGENCY APPLICATION FOR ENTRY OF AN ORDER UNDER 11 U.S.C. §327(a) AUTHORIZING THE EMPLOYMENT AND RETENTION

Mr. John Harris reviews the application. The debtor needs a bankruptcy attorney to move the cases forward. He explains how any conflict or dispute will be handled. He requests that the Court enter an order approving retention subject to a 21 day objection period. If no objections are filed, the order would become final. He would like a back up hearing set for objections. He responds to the Court's questions. He is okay with not having the final language in the order.

Mr. Watson discusses employment applications. They are interim throughout the case. Conflicts and issues can be brought up at anytime. He has no objection to an interim order. All interim orders entered today are subject to a look back period by the unsecured creditor's committee.

COURT: THE COURT WILL SIGN AN ORDER IF COUNSEL WILL UPLOAD IT.

ITEM 4) EMERGENCY APPLICATION FOR ENTRY OF ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF COHENREZNICK CAPITAL MARKETING SECURITIES, LLC AS INVESTMENT BANKER PURSUANT TO 11 U.S.C. SECTIONS 327 AND 328

Mr. John Harris reviews the application. He discusses the compensation and retention fees. He reviews the two provisions by the U. S. Trustee. It will be the same terms as Quarles and Brady. On that basis, he asks the Court to approve the retention of Cohenreznick. He responds to the Court's questions. He thinks that construct will work but asks for a very expedited briefing schedule. They will continue to do what they are doing. He suggests five days to submit a brief.

Mr. Watson responds. He discusses the provisions and dollar amounts. He stands on the objection and reviews the issues. He responds to the Court's questions. He would like the opportunity to respond and for the committee to be heard. He hopes to have an unsecured creditors committee by next week. He needs at least two weeks.

COURT: THE COURT READ THE CASES CITED BY THE U. S. TRUSTEE. THE COURT DOES NOT WANT TO ENTER AN EXACT ORDER AS QUARLES AND BRADY. THE COURT WOULD LIKE TO SEE SOME BRIEFING ON BOTH ISSUES, THE 328 STANDARD AND THE INDEMNIFICATION. THE COURT'S THOUGHT IS IT WILL SIGN AN ORDER APPROVING THEIR RETENTION ON AN INTERIM BASIS WITHOUT THOSE TWO PROVISIONS. THE COURT WILL ADDRESS TIMING AT THE END OF THE HEARING. THE COURT WILL SIGN AN ORDER APPROVING THE APPLICATION ON AN INTERIM BASIS TO THE EXTENT THE PARTIES DISCUSSED.

ITEM 5) MOTION FOR ORDER ESTABLISHING OFFICIAL SERVICE LIST AND LIMITING NOTICE

Ms. Winkelman informs the Court that language has been worked out with the U. S. Trustee with regard to the next four motions. She reviews the motion establishing the service list. She responds to the Court's questions. The sale notice will be to all creditors.

Mr. Watson states that Ms. Winkelman properly discussed what was agreed to.

Mr. Botter discusses the escrow accounts with the debtors. He has no objection to this type of notice.

COURT: THE COURT WILL SIGN A FORM OF ORDER IF COUNSEL WANTS TO UPLOAD ONE.

ITEM 6) EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS UNDER 11 U.S.C. §§ 366 DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES AND ESTABLISHING DETERMINATION AND OBJECTION PROCEDURES

Ms. Winkelman informs the Court that no deposit is being held. The debtor is current with all the utility providers. She discusses the language the U. S. Trustee wants that would set this for a final hearing. She reviews the motion. She responds to the Court's questions. Notice of this hearing has been provided to all the providers. She has not heard from anybody. She asks for a hearing in two weeks.

Mr. Watson agrees to the language with Ms. Winkelman. The debtor should be in good stead if a hearing is within the safe harbor.

COURT: THE COURT HAD THE SAME CONCERNS AS THE U. S. TRUSTEE. THE COURT WILL SIGN AN ORDER TO THAT AFFECT.

ITEM 7) EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING THE DEBTORS TO (A) CONTINUE PREPETITION INSURANCE COVERAGE, (B) MAINTAIN PREMIUM FINANCING AGREEMENTS, AND (C) OTHERWISE HONOR PREPETITION OBLIGATIONS RELATED THERETOMs. Winkelman reviews the motion. She discusses the payments and due dates. There is no objection by the U. S. Trustee. When the parties get to that point, she would ask that a final hearing be set.

Mr. Watson states this will allow the debtor to continue to operate without disruption. It doesn't waive any requirements. It defers them. That language is in the proposed order. He has agreed to a form of order at this time.

COURT: THE COURT WILL SIGN THE ORDER.

ITEM 8) EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS UNDER 11 U.S.C. §§ 105(a), 345 AND 363: (A) AUTHORIZING MAINTENANCE AND USE OF DEBTORS EXISTING BANK ACCOUNTS, CASH MANAGEMENT

(continue)... 2:15-BK-00679-BKM        TUESDAY, JANUARY 27, 2015 01:30 PM

SYSTEM, CREDIT CARD PROCESSING SYSTEM, AND BUSINESS FORMS; AND (B) WAIVING INVESTMENT AND DEPOSIT REQUIREMENTS

Ms. Winkelman reviews the motion. She is working with JPMorgan Chase. She explains the process.

Mr. Watson has no objection.

COURT: THE COURT WILL SIGN AN ORDER.

ITEM 9) EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS UNDER 11 U.S.C §§ 105, 363, AND 507 AUTHORIZING THE DEBTORS TO CONTINUE TO PAY PRE-PETITION WAGES, COMPENSATION, AND HONOR EMPLOYEE BENEFIT PLANS AND PROGRAMS

Mr. John Harris reviews the motion. He discusses the payroll and the stub period. He defers to a final hearing on severance pay and bonuses. He agreed with the U. S. Trustee to set a final hearing. He responds to the Court's questions. He discusses the pre-petition amounts. He will remove language as requested by the Court.

Mr. Watson is waiting for the redline. He is in complete agreement as to where the parties are.

COURT: THE COURT DISCUSSES THE PROPOSED ORDER. COUNSEL IS DIRECTED TO ROUTE THE ORDER TO MR. WATSON FOR APPROVAL. ONCE HE SIGNS IT, COUNSEL MAY UPLOAD IT AND THE COURT WILL SIGN IT.

ITEM 10) MOTION FOR ORDERS (I) AUTHORIZING BIDDING PROCEDURES AND AUCTION, (II) SCHEDULING SALE HEARING AND APPROVING NOTICE THEREOF, (III) AUTHORIZING SALE OF ASSETS, AND (IV) GRANTING RELATED RELIEF

Mr. John Harris thinks the U. S. Trustee's issues are resolved. He provides a redline to the Court. He discusses the sale process and explains why approval is extremely important. He reviews the motion and the timeline. It does not lock down anyone's rights. He reviews with the Court the specific changes as agreed to with the U. S. Trustee.

Mr. Watson went through the sale procedures carefully. He discusses a case before Judge Ballinger. This is only the third case that he is aware of that the assets to be sold in auction are going to be occurring off site. This will be a good case to see how that process works. He plans on being there.

Mr. Botter discusses the debtor's business and transactions by the parties. A quick sale would be helpful. He has no objection to the procedure but wants to make sure the debtor is taking into account the continuing relationships and obligations that has been afforded to his clients under the documents.

COURT: THE COURT WILL TAKE COUNSELS' COMMENTS INTO ACCOUNT. BASED ON EVERYTHING THE COURT HAS HEARD, THE COURT WILL SIGN THE REDLINE VERSION.

The parties and the Court discuss upcoming motions and hearing dates to be set.

COURT: IT IS ORDERED SETTING A HEARING ON THE UTILITY MOTION (ITEM 6), A BACK UP FINAL HEARING ON THE RETENTION MOTION (ITEM 4), A FINAL HEARING ON THE WAGE MOTION (ITEM 9), CASH MANAGEMENT MOTION (ITEM 8), AND INSURANCE MOTION (ITEM 7) FOR 02-19-2015 AT 01:30 PM.

Page 5 of 6

Case 2:15-bk-00679-BKM    Doc 45    Filed 01/27/15    Entered 01/29/15 14:02:31    Desc
Main Document    Page 5 of 6                                        01/29/2015   2:02:15PM

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

# Minute Entry

(continue)...   2:15-BK-00679-BKM   TUESDAY, JANUARY 27, 2015 01:30 PM

The parties and the Court discuss a briefing schedule for the retention issue. Mr. Watson would like the committee to have an extended time.

COURT: IT IS ORDERED SETTING AN OBJECTION DEADLINE FOR 02-13-2015. IT IS FURTHER ORDERED THE DEBTOR'S BRIEF WILL BE DUE ON 02-02-2015 WITH THE U. S. TRUSTEE'S AND COMMITTEE'S RESPONSE DUE ON 02-13-2015. IT IS FURTHER ORDERED SETTING THE SALE DATE FOR 03-27-2015 AT 10:00 AM. IT IS FURTHER ORDERED SETTING THE OBJECTION DEADLINE TO THE SALE MOTION AS 03-04-2015 WITH RESPONSES DUE ON 03-18-2015. THE COURT MIGHT HAVE SOME SPECIAL REQUESTS AS TO ANY BRIEFING ON THE SALE BECAUSE THE COURT WILL BE TRAVELING.

Mr. Botter expresses his concerns that the creditors may not have knowledge of the information needed to object.

Mr. John Harris addresses Mr. Botter's concerns. He thinks he can put in a deadline if there are objections to the stalking horse provisions.

Case 2:15-bk-00679-BKM   Doc 45   Filed 01/27/15   Entered 01/29/15 14:02:31   Desc
Main Document   Page 6 of 6