**COOLEY LLP**
JEFFREY L. COHEN
SETH VAN AALTEN
ALEX R. VELINSKY
1114 AVENUE OF THE AMERICAS
NEW YORK, NY 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Email: jcohen@cooley.com; svanaalten@cooley.com;
avelinsky@cooley.com

Proposed Lead Counsel for the Official Committee of
Unsecured Creditors

**SNELL & WILMER LLP**
STEVEN D. JEROME (AZ SBN 018420)
ONE ARIZONA CENTER
400 EAST VAN BUREN STREET, STE. 1900
PHOENIX, AZ 85004
Telephone: (602) 382-6000
Facsimile: (602) 382-6070
Email: sjerome@swlaw.com

Proposed Arizona Counsel for the Official Committee of
Unsecured Creditors

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re | In Proceedings Under Chapter 11 |
| SKYMALL, LLC, | Case No. 2:15-bk-00679-BKM |
| Debtor. | |
| Jointly Administered with: | Jointly Administered with Case Nos.: |
| XHIBIT CORP., | 2:15-bk-00680-MCW |
| XHIBIT INTERACTIVE, LLC, | 2:15-bk-00682-MCW |
| FLYREP CORP., | 2:15-bk-00684-DPC |
| SHC PARENT CORP., | 2:15-bk-00685-MCW |
| SPYFIRE INTERACTIVE, LLC, | 2:15-bk-00686-MCW |
| STACKED DIGITAL, LLC, and | 2:15-bk-00687-GBN |
| SKYMALL INTERESTS, LLC. | 2:15-bk-00688-EPB |
| This Pleading applies to:<br>☒ All Debtors<br>☐ Specified Debtors | **APPLICATION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SKYMALL, LLC,** *ET AL.* **FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND** |

| | **RETENTION OF COOLEY LLP AS LEAD COUNSEL *NUNC PRO TUNC* TO FEBRUARY 5, 2015** |
|---|---|

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") appointed in the chapter 11 cases of the above-captioned debtors and debtors-in-possession (collectively, the "<u>Debtors</u>") hereby files this application (this "<u>Application</u>") for an order authorizing the retention and employment of Cooley LLP ("<u>Cooley</u>") as its lead counsel pursuant to section 1103 of chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Arizona (the "<u>Local Rules</u>"). In support of this Application, the Committee also files the *Declaration of Jeffrey L. Cohen of Cooley LLP in Support of Application to Retain and Employ Cooley LLP as Lead Counsel to the Official Committee of Unsecured Creditors of SkyMall, LLC, <u>et al.</u>, <u>Nunc Pro Tunc</u> to February 5, 2015* (the "<u>Cohen Declaration</u>"), attached hereto as **Exhibit B**.

## JURISDICTION AND VENUE

1. Pursuant to 28 U.S.C. §§ 157 and 1334, this Court has jurisdiction to consider and grant the relief requested herein. A proceeding to consider and grant such relief is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 328(a) and 1103(a) of the Bankruptcy Code. Relief is also proper pursuant to Bankruptcy Rule 2014 and the Local Rules.

## BACKGROUND

2. On January 22, 2015 (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On February 5, 2015, the Office of the United States Trustee (the "U.S. Trustee") for the District of Arizona appointed the Committee, consisting of the following seven members: (i) Steiner Sports Memorabilia, Inc., (ii) Norm Thompson Outfitters, Inc. d/b/a Solutions, (iii) HSN Improvements, LLC, (iv) Varidesk, LLC, (v) Midland Paper Company,[1] (vi) Hammacher, Schlemmer & Co., Inc., and (vii) Jumbleberry Interactive Group, Ltd.

4. That same day, the Committee selected Cooley as its proposed lead counsel. The next day, February 6, 2015, the Committee selected Snell & Wilmer LLP as its proposed Arizona counsel. The Committee later selected Teneo Restructuring as its proposed financial advisor.

## RELIEF REQUESTED AND REASONS THEREFOR

5. By this Application, pursuant to section 1103(a) of the Bankruptcy Code and Bankruptcy Rule 2014, the Committee requests entry of the proposed order attached hereto as **Exhibit A**, approving the employment and retention of Cooley LLP, *nunc pro tunc* to February 5, 2015, as its lead bankruptcy counsel in connection with these chapter 11 cases.

6. The Committee believes that, based upon Cooley's expertise in cases such as this, it would be cost effective for the Committee to retain Cooley as its counsel. Cooley is especially well suited to represent the Committee in this case, having represented official committees in cases involving catalog companies such as Bedford Fair, Brookstone, Lillian Vernon, Orchard Brands, Oriental Trading Company, Sharper Image, and Signature Styles.

7. Cooley's extensive experience in retail bankruptcies also includes the representation of official committees in: Avenue Stores, Atari, Big M, Beyond Oblivion, Blockbuster, Bob's Stores, ConnectEDU, Edwin Watts, Federated Department Stores, Filene's Basement, Goody's Family Clothing, Gottschalk's, Hancock Fabrics, KB Toys, KIT Digital, Levitz Furniture, Montgomery Ward, Mervyn's, Pizzeria Uno, Princeton Ski Shops, Ritz Camera, Sbarro's, Steve & Barry's, The Athlete's Foot, The Walking Company, and Today's Man, among many others.

---

[1] Midland Paper Company has resigned from the Committee, effective as of February 19, 2015.

COOLEY LLP
ATTORNEYS AT LAW
NEW YORK

8. Pursuant to section 1103(a) of the Bankruptcy Code, the Committee requests that this Court approve the employment of Cooley as its lead counsel to, among other things:

    a) Attend the meetings of the Committee;

    b) Review financial and operational information furnished by the Debtors to the Committee;

    c) Assist in the efforts to sell assets of the Debtors in a manner that maximizes value for creditors;

    d) Analyze any proposed Chapter 11 plan;

    e) Review and investigate prepetition transactions in which the Debtors and/or their insiders were involved;

    f) Confer with the Debtors' management, counsel and financial advisors;

    g) Review the Debtors' schedules, statements of financial affairs and business plan;

    h) Advise the Committee as to the ramifications regarding all of the Debtors' activities and motions before this Court;

    i) File appropriate pleadings on behalf of the Committee;

    j) Review and analyze the Debtors' investment banker's work product and report to the Committee;

    k) Provide the Committee with legal advice in relation to the chapter 11 cases;

    l) Prepare various applications and memoranda of law submitted to the Court for consideration; and

    m) Perform such other legal services for the Committee as may be necessary or proper in these proceedings.

9. Cooley has advised the Committee that it intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any administrative compensation order entered in these cases. The proposed rates of compensation, subject to final Court approval, are based on the customary hourly rates in effect when services are performed by the attorneys,

legal assistants and staff who provide services to the Committee. Cooley has agreed with the Committee that Cooley's fees will be discounted by 20% from standard hourly rates. In addition, Cooley will not bill the Committee for non-working travel time. Cooley's hourly rates are subject to periodic adjustment and the Committee has been advised of that fact.

10. As of February 2015, the hourly rates of the Cooley professionals anticipated to be staffed on this matter are set forth in the chart below.

| Attorney | Status | Hourly Rate | Discounted Hourly Rate |
|---|---|---|---|
| Jeffrey L. Cohen | Partner | $785 | $628.0 |
| Seth Van Aalten | Associate | $755 | $604.0 |
| Alex R. Velinsky | Associate | $725 | $580.0 |
| Jeremy H. Rothstein | Associate | $470 | $376.0 |
| Rebecca Goldstein | Paralegal | $300 | $240.0 |

11. Consistent with the firm's policy with respect to its other clients, Cooley will charge the Committee for all charges and disbursements incurred in rendering services to the Committee. These customary items include, among other things, photocopying, facsimiles, travel, business meals, computerized research, postage, witness fees, and other fees related to trials and hearings. Internal costs or overhead cost and document production services (including regular secretarial and word processing time), will not be charged for separately.

12. Based upon the Cohen Declaration filed contemporaneously herewith, the Committee is satisfied that (i) Cooley represents no interest adverse to the Committee, the Debtors, their estates, or any other party in interest in the matters upon which it is to be engaged and that its employment is in the best interest of the estates, (ii) Cooley has no connection with the U.S. Trustee or any other person employed in the office of the U.S. Trustee, and (iii) Cooley has not been paid any retainer against which to bill fees and expenses. To the best of the Committee's knowledge, Cooley has no connection with creditors or any other party in interest except as otherwise noted in the Cohen Declaration.

COOLEY LLP
ATTORNEYS AT LAW
NEW YORK

**WHEREFORE,** the Committee hereby respectfully requests that it be authorized to retain and employ Cooley LLP as its lead counsel *nunc pro tunc* to February 5, 2015, and that Cooley be paid such compensation as may be allowed by this Court, and for such other further relief as is deemed just and proper. No prior application for the relief requested herein has been presented to this Court or any other court.

Dated: February 20, 2015

Respectfully submitted,
The Official Committee of Unsecured Creditors of SkyMall, LLC, *et al.*

HSN Improvements, LLC
Committee Chairperson

By: _____
Name: Steven Wirth, Esq.

COOLEY LLP
ATTORNEYS AT LAW
NEW YORK

114143570 v2

6.

Case 2:15-bk-00679-BKM   Doc 102   Filed 02/20/15   Entered 02/20/15 16:52:32   Desc
Main Document    Page 6 of 20

# Exhibit A

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>SKYMALL, LLC,<br><br>        Debtor.<br><br>Jointly Administered with:<br><br>XHIBIT CORP.,<br>XHIBIT INTERACTIVE, LLC,<br>FLYREP CORP.,<br>SHC PARENT CORP.,<br>SPYFIRE INTERACTIVE, LLC,<br>STACKED DIGITAL, LLC, and<br>SKYMALL INTERESTS, LLC. | In Proceedings Under Chapter 11<br><br>Case No. 2:15-bk-00679-BKM<br><br><br><br>Jointly Administered with Case Nos.:<br><br>2:15-bk-00680-MCW<br>2:15-bk-00682-MCW<br>2:15-bk-00684-DPC<br>2:15-bk-00685-MCW<br>2:15-bk-00686-MCW<br>2:15-bk-00687-GBN<br>2:15-bk-00688-EPB |
| This Pleading applies to:<br>    ☒ All Debtors<br>    ☐ Specified Debtors | **ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF COOLEY LLP AS LEAD COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS** |

Upon the application (the "Application")[1] of the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 cases for entry of an order authorizing the Committee to employ and retain Cooley LLP ("Cooley") as its lead counsel *nunc pro tunc* to February 5, 2015, the date the Committee determined to employ Cooley as lead counsel in these cases, pursuant to section 1103 of title 11 of the United States Code; and upon

---

[1] Capitalized terms not defined herein shall retain the same meaning ascribed to them in the Application.

COOLEY LLP
ATTORNEYS AT LAW
NEW YORK

the Cohen Declaration (the "Cohen Declaration") attached to the Application as **Exhibit B**; and the Court having jurisdiction pursuant to sections 157 and 1334 of title 28 of the United States Code to consider the Application and the relief requested therein; and venue being proper in this Court pursuant to sections 1408 and 1409 of title 28 of the United States Code; and the Court being satisfied that notice of this Application and the opportunity for a hearing on this Application was appropriate under the particular circumstances and no further or other notice need by given; and the Court being satisfied, based on the representations made in the Application and the Cohen Declaration, that Cooley does not represent or hold any interest adverse to the Debtors or their estates as to the matters upon which Cooley has been and is to be employed, and that Cooley is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code; and the Court having determined that the relief sought in the Application is in the best interests of the Committee, the Debtors, their creditors, and all parties in interest; and this Court having determined that the legal and factual bases set forth in the Application and in the Cohen Declaration establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

A. The Application is GRANTED to the extent set forth herein.

B. In accordance with section 1103(a) of the Bankruptcy Code and Bankruptcy Rule 2014, the Committee is authorized to employ and to retain Cooley LLP as its counsel, *nunc pro tunc* to February 5, 2015, on the terms and conditions set forth in the Application and in the Cohen Declaration.

C. Cooley shall apply for compensation and reimbursement in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable provisions of the Bankruptcy Rules, the Local Rules, and any fee and expense guidelines of this Court.

D. Cooley will provide notice of any rate increases by notifying the Committee and filing a notice with the Court. The Committee, United States Trustee, and all parties-in-interest retain all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

E. The Committee and Cooley are authorized to take all actions they deem necessary and appropriate to effectuate the relief granted pursuant to this Order in accordance with the Application.

F. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

G. This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Application and Order.

**DATED AND SIGNED AS INDICATED ABOVE**

**Exhibit B**

**Declaration of Jeffrey L. Cohen**

COOLEY LLP
ATTORNEYS AT LAW
NEW YORK

**COOLEY LLP**
JEFFREY L. COHEN
SETH VAN AALTEN
ALEX R. VELINSKY
1114 AVENUE OF THE AMERICAS
NEW YORK, NY 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Email: jcohen@cooley.com; svanaalten@cooley.com;
avelinsky@cooley.com

Proposed Lead Counsel for the Official Committee of
Unsecured Creditors

**SNELL & WILMER LLP**
STEVEN D. JEROME (AZ SBN 018420)
ONE ARIZONA CENTER
400 EAST VAN BUREN STREET, STE. 1900
PHOENIX, AZ 85004
Telephone: (602) 382-6000
Facsimile: (602) 382-6070
Email: sjerome@swlaw.com

Proposed Arizona Counsel for the Official Committee of
Unsecured Creditors

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re | In Proceedings Under Chapter 11 |
| SKYMALL, LLC, | Case No. 2:15-bk-00679-BKM |
| Debtor. | |
| Jointly Administered with: | Jointly Administered with Case Nos.: |
| XHIBIT CORP., | 2:15-bk-00680-MCW |
| XHIBIT INTERACTIVE, LLC, | 2:15-bk-00682-MCW |
| FLYREP CORP., | 2:15-bk-00684-DPC |
| SHC PARENT CORP., | 2:15-bk-00685-MCW |
| SPYFIRE INTERACTIVE, LLC, | 2:15-bk-00686-MCW |
| STACKED DIGITAL, LLC, and | 2:15-bk-00687-GBN |
| SKYMALL INTERESTS, LLC. | 2:15-bk-00688-EPB |
| This Pleading applies to:<br>☒ All Debtors<br>☐ Specified Debtors | **DECLARATION OF JEFFREY L. COHEN OF COOLEY LLP IN SUPPORT OF APPLICATION TO RETAIN AND EMPLOY COOLEY LLP AS LEAD COUNSEL TO THE** |

| | **OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SKYMALL, LLC,** ***ET AL.****,* ***NUNC PRO TUNC*** **TO FEBRUARY 5, 2015** |
|---|---|

STATE OF NEW YORK     )
                                              ) ss
COUNTY OF NEW YORK )

Jeffrey L. Cohen, being duly sworn, deposes and says:

I am an attorney at law and a member of the law firm of Cooley LLP ("Cooley"). I make this declaration pursuant to section 1103 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 2014.

1. Cooley is a law firm of approximately 850 attorneys with a New York office located at 1114 Avenue of the Americas, New York, New York 10036-7798. Subject to this Court's approval, Cooley proposes to provide legal services to the Official Committee of Unsecured Creditors (the "Committee") of SkyMall, LLC, *et al.* (the "Debtors"), at the rates approved by the Court, in compliance with sections 504 and 1103 of the Bankruptcy Code, and to provide disclosure required under Rules 2014(a) and 2016(a) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"). Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein. To the extent any information disclosed herein requires amendment or modification upon Cooley's completion of further review or as additional party-in-interest information becomes available to it, a supplemental declaration will be submitted to the Court reflecting such amended or modified information.

## COOLEY'S DISCLOSURE PROCEDURES

2. Cooley has in the past represented, currently represents, and may in the future represent entities that are claimants of the Debtors in matters unrelated to the Debtors. Cooley has a large and diversified legal practice that encompasses the representation of many financial institutions and commercial corporations. Some of those entities are or may consider themselves to be creditors or parties in interest in the Debtors' pending chapter 11 cases or to otherwise have interests in these cases.

3. In order to prepare this declaration, Cooley compared the Debtors' bankruptcy petitions, list of top 20 unsecured creditors, and the Debtors' major equity holders, with the information contained in the conflict check systems and adverse party indexes currently maintained by Cooley (collectively, the "Conflict Check System"). A list of entities searched is attached hereto as **Schedule 1**.

4. The facts stated in this declaration as to the relationship between Cooley lawyers on one hand, and the Debtors, the Debtors' creditors and other parties in interest are based upon the results of the review of the Conflict Check System. To the extent that the firm discovers any connection with any interested party or enters into any new relationship with any interested party, the firm will promptly supplement its disclosure to the Court.

5. The Conflict Check System is a computerized database of current and former clients and adverse and related parties that are regularly maintained and updated in the course of the firm's business. These procedures are designed to include every matter on which the firm is now or has been engaged, by which entity the firm is now or has been engaged, and, in each instance, to include and record the identity of related parties and adverse parties and the attorney in the firm that is knowledgeable about the matter. It is Cooley's policy that that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the Conflict Check System the information necessary to check such matter for conflicts, including the identity of the prospective client, the matter and related and adverse parties. Accordingly, the database is regularly updated for every new matter undertaken by Cooley and reflects entries that are noted in the systems at the time the information becomes known by persons whose regular duties include recording and maintaining this information. The scope of the system is a function of the completeness and accuracy of the information submitted by the attorney opening a new matter. As a partner of the firm, I regularly send information to update the Conflict Check System and use and rely upon the information contained in the system in the performance of my duties at Cooley and in my practice of law.

## COOLEY'S CONNECTIONS WITH PARTIES IN INTEREST IN MATTERS UNRELATED TO THESE CHAPTER 11 CASES

6. Any client connections with regard to which Cooley had represented the client within the past three years were reviewed by an attorney working under my supervision and from such review it was determined that, in respect of each connection between Cooley and such parties, Cooley does not have an interest adverse to the Debtors' estates and is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1103(b) of the Bankruptcy Code.

7. To the best of my knowledge, no attorney at Cooley holds a direct or indirect equity interest in the Debtors or has a right to acquire such an interest.

8. No attorney at Cooley is or has served as an officer, director, or employee of the Debtors.

9. No attorney at Cooley is in control of the Debtors or is a relative of a general partner, director, officer, or person in control of the Debtors.

10. No attorney at Cooley is a general or limited partner of a partnership in which the Debtors are also a general or limited partner.

11. No attorney at Cooley is or has served as an officer, director, or employee of a financial advisor that has been engaged by the Debtors in connection with the offer, sale, or issuance of a security of the Debtors.

12. No attorney at Cooley has represented a financial advisor of the Debtors in connection with the offer, sale, or issuance of a security of the Debtors.

13. No attorney at Cooley presently represents or previously represented within the last three years any of the parties in interest, except as follows:

    a) Cooley has in the past represented, currently represents, and may represent in the future certain Committee members and/or their affiliates in their capacities as official committee members in other chapter 11 cases, all of which involve matters wholly unrelated to these chapter 11 cases.

(a) Cooley previously represented, currently represents, and may represent in the future an affiliate of Bertelsmann Inc., an equityholder of the Debtor, in matters wholly unrelated to these chapter 11 cases.

(b) Cooley has in the past represented, and may represent in the future, American Airlines, Inc., an unsecured creditor, in matters wholly unrelated to these chapter 11 cases.

14. No attorney at Cooley represents an insider of the Debtors, any subsidiary, or other affiliate.

15. No attorney at Cooley has been paid fees prepetition or holds a security interest, guarantee, or other assurance of compensation for services performed and to be performed in these proceedings except as set forth herein.

16. There is no agreement of any nature, other than the Cooley partnership agreement, as to the sharing of any compensation to be paid to Cooley.

17. No attorney at Cooley has any other connection with the Debtors, their creditors, the United States Trustee, or any employee of that office, or any parties in interest in these proceedings.

18. To the best of my knowledge, no attorney at Cooley is a relative of, currently has, or previously has had any connection with the bankruptcy judge approving the employment of Cooley as the Committee's lead counsel that would render the employment improper.

19. To the best of my knowledge, no attorney at Cooley has any other interest, direct or indirect, that may be affected by the proposed representation.

20. Cooley will not, while employed by the Committee, represent any other entity having an adverse interest in connection with these Chapter 11 cases.

## **COOLEY'S RATES AND BILLING PRACTICES**

21. The legal services Cooley agreed to provide are detailed in the accompanying retention application and the same is incorporated herein by reference. The attorneys who are

presently contemplated to be working on this engagement and their present hourly rates are set forth in the accompanying retention application. The attorney having primary responsibility on the engagement shall be affiant, a partner in the firm.

22. Cooley agreed to provide legal services to the Committee and recognizes that any allowance of compensation for services rendered on behalf of the Committee in connection with these proceedings and any reimbursement of disbursements made in connection therewith are subject to the prior approval and authorization by order of this Court. Cooley realizes that any application for fees must be supported by detailed contemporaneous time records. Cooley also understands that this Court's approval of its retention application is not approval of any proposed terms of compensation and that this Court may allow compensation on terms different from those proposed.

23. Cooley will abide by the terms of any administrative order establishing professional compensation and reimbursement procedures entered in these cases.

24. The present hourly rates for the attorneys who are presently contemplated to be working on this engagement are set forth in the accompanying retention application. Cooley has agreed with the Committee that Cooley's fees will be discounted by 20% from standard hourly rates. In addition, Cooley will not bill the Committee for non-working travel time. The proposed rates of compensation are subject to periodic adjustment, and the Committee has been so advised.

25. Consistent with the firm's policy with respect to its other clients, Cooley will continue to charge the Committee for all charges and disbursements incurred in rendering services to the Committee. These customary items include, among other things, photocopying, facsimiles, travel, business meals, computerized research, postage, witness fees, and other fees related to trials and hearings. Internal costs or overhead cost and document production services (including regular secretarial and word processing time), will not be charged for separately. Cooley shall at all times adhere to any local rule or chambers guidelines with respect to reimbursement of expenses.

26. Cooley did not receive a retainer with respect to this representation.

27. The foregoing constitutes the statement of Cooley pursuant to sections 504 and 1103 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(a).

| Dated: New York, New York | /s/ Jeffrey L. Cohen |
|---|---|
| February 20, 2015 | Jeffrey L. Cohen |

Sworn to before me this
20th day of February 2015

/s Rebecca G. Goldstein

Notary Public

REBECCA G. GOLDSTEIN
Notary Public, State of New York
No. 01GO4814490
Qualified in Nassau County
Commission Expires February 28, 2015

COOLEY LLP
ATTORNEYS AT LAW
NEW YORK

7.

# SCHEDULE 1

**Potential Parties-in-Interest**

**Debtors:**

Skymall, LLC,
Xhibit Corp.,
Xhibit Interactive, LLC,
Flyreply Corp.,
SHC Parent Corp.,
Spyfire Interactive, LLC,
Stacked Digital, LLC, And
Skymall Interests, LLC.

**Top 20 Creditors:**

Delta Airlines, Inc.
American Airlines, Inc.
Us Airways
Gemmy Industries Corp.
United Parcel Service
Hammacher Schlemmer
Southwest Airlines, Inc.
Midland Paper
American Express
HSN Improvements
United Airlines, Inc.
Constangy, Brooks & Smith LLP
Steiner Sports Memorabilia
Demandware, Inc.
What On Earth
Wireless
Cinmar
Solutions aka Norm Thompson Outfitters
Relief Pod Int'l
Signals

**Other Committee Members:**

Midland Paper Company
Jumbleberry Interactive Group, LTD
HSN Improvements, LLC
Varidesk, LLC

**Others:**
Brenda K. Martin (Judge)
Larry L. Watson (US Trustee)
Connexions Loyalty, Inc. (Counterparty to Transition Services Agreement)
XSE LLC (Major Shareholder)
Chris Richarde (Major Shareholder)
X Shares LLC (Major Shareholder)
Bertelsmann Inc. (Major Shareholder)
Cede & Co. (Major Shareholder)
Najafi Companies (Former Owner)
Jahm Najafi (Controlling Shareholder)

| | |
|---|---|
| 1 | Chris Richarde (Major Shareholder) |
| | X Shares LLC (Major Shareholder) |
| 2 | Bertelsmann Inc. (Major Shareholder) |
| | Cede & Co. (Major Shareholder) |
| 3 | Najafi Companies (Former Owner) |
| | Jahm Najafi (CEO of former owner) |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |