ILENE J. LASHINSKY (#003073)
United States Trustee
District of Arizona

LARRY L. WATSON (CA BAR No. 193531)
Trial Attorney
230 N. First Ave, Suite 204
Phoenix, Arizona 85003
E-mail: larry.watson@usdoj.gov
(602) 682-2607

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>SKYMALL, LLC,<br>     Debtor.<br><br>Joint Administration pending with:<br><br>XHIBIT CORP.,<br>XHIBIT INTERACTIVE, LLC,<br>FLYREPLY CORP.,<br>SHC PARENT CORP.,<br>SPYFIRE INTERACTIVE, LLC,<br>STACKED DIGITAL, LLC, and<br>SKYMALL INTERESTS, LLC. | In Proceedings Under Chapter 11<br><br>Case No. 2:15-bk-00679-BKM<br><br>Joint Administration pending with Case Nos.:<br><br>2:15-bk-00680-MCW<br>2:15-bk-00682-MCW<br>2:15-bk-00684-DPC<br>2:15-bk-00685-MCW<br>2:15-bk-00686-MCW<br>2:15-bk-00687-GBN<br>2:15-bk-00680-EPB |
| This Pleading applies to:<br><br> ☒ All Debtors<br> ☐ Specified Debtors | **UNITED STATES TRUSTEE'S OBJECTION TO SALE MOTION AND RESERVATION OF RIGHTS** |

   The United States Trustee for the District of Arizona, Ilene J. Lashinsky ("U.S. Trustee"), hereby files her objection to the sale of assets pursuant to the *Motion for Orders (I) Authorizing Bidding Procedures and Auction, (II) Scheduling Sale Hearing and Approving Notice Thereof, (III) Authorizing Sale of Assets, and (IV) Granting Related Relief* (the "Sale Motion). *See* Court's docket entry number ("D.E. Entry No.")

1

<u>22</u>. And as necessary to the *Amended Stipulated Order Establishing Bidding Procedures for Auction Sale, Scheduling Hearing on Sale Motion, and Granting Related Relief* (the "Amended Stipulation") at D.E. No. <u>131</u>.

As this Court is aware, the Debtors have placed the sale of assets on a fast track in these cases. The Debtors filed their Petitions to initiate the above captioned cases on January 22nd and 23rd of 2015. Less than 30 days later, prior to the filing of the Debtors statements and schedules and the ability to even hold an 11 U.S.C. § 341 meeting of creditors, the Debtors achieved obtaining a bid procedures order on February 19, 2015. All of this has happened so quickly that the Debtors have struggled to even properly identify the assets that are to be sold in their own Sale Motion.

At the February 19th hearing the U.S. Trustee's trial attorney stated that the Sale Motion would need to be augmented to properly identify the assets that would be sold. To date that has not occurred. The U.S. Trustee was also hopeful that the Debtors would be able to better identify the assets to be sold in their forthcoming Statements of Financial Affairs ("SOFAs") and in their accompanying schedules ("Schedules").

The Debtors filed their SOFAS and Schedules on February 23, 2015. As a precursor to the SOFAs and Schedules, the Debtors have attached a six page disclaimer in the form of the *Global Notes and Statement of Limitations, Methods and Disclaimer Regarding the Debtors' Schedules of Assets and Liabilities and Statement of Financial Affairs* (the "Global Disclaimers"). The United States Securities and Exchange Commission's (the "S.E.C.'s") comments are well taken with regard to the Global Disclaimers in its objection to the Sale Motion. In short, the Global Disclaimers virtually eviscerate any certainty that a party can place on the disclosure of the Debtors' assets, liabilities and related financial affairs.

The Debtors' CEO, Scott Wiley, has in essence ensured through the Global Disclaimers that he has not attested to the validity of SkyMall, LLC's SOFA and related Schedules. When questioned specifically as to what assets the Debtors were going to sell at the upcoming auction during the initially held 11 U.S.C. § 341 meeting of creditors on February 24, 2015, Mr. Wiley stated that he could not identify the assets to be sold.

When asked by the U.S. Trustee's trial attorney who could identify the assets to be sold at the auction, Mr. Wiley referred creditors to the recently retained investment banker.

Mr. Wiley's answer is simply unacceptable. Prior to the Court entering an Order approving the Sale Motion the Debtors need to:

- Amend the SOFAs and Schedules to reduce the amount of qualifiers in the Global Disclaimers to ensure that the Debtors' creditors, shareholders and other interested parties have meaningful financial information to properly determine whether the proposed sale is in their best interests; and
- Provide a detailed list identifying the assets subject to the proposed sale.

In addition to the foregoing, the Debtors assert in the Sale Motion that they intend to sell a customer list as part of the auction. In review of the privacy policy provided by the Debtors, the U.S. Trustee has filed a motion with the Court to approve a privacy ombudsman in this case. This matter must be addressed prior to any sale being approved by the Court.

The S.E.C. has made it known that they are now in the midst of an investigation of Xhibit Corp. as a publicly held company. The Debtors must take all necessary steps to ensure that it protects all of their records and information necessary for the S.E.C. to complete its investigation. This includes ensuring that all necessary measures are taken as part of the auction process to ensure all necessary records and information are properly preserved.

As a related matter, the U.S. Trustee has appointed an Official Committee of Restricted Equity Security Holders of Xhibit Corporation (the "Equity Committee"). The Equity Committee certainly has standing to request that adequate safeguards around the sale of the SkyMall, LLC assets are adequately preserved to protect their interests. Further, the Court must ensure that the Equity Committee be provided the opportunity to respond to the Sale Motion and address any issues that might exist from their perspective.

Based upon the foregoing, the U.S. Trustee hereby reserves all of her rights to further object to the Sale Motion until the Debtors:

- Provide unqualified SOFAs and Schedules properly detailing the financial condition of the Debtors – including the SkyMall, LLC assets;
- Provide a detailed list of the assets to be sold pursuant to the Sale Motion;
- Provide a notice of a stalking horse bidder(s) together with a copy of the applicable asset purchase agreement(s);
- Ensure that all necessary measures have been taken to preserve the Debtors' records and information necessary for the S.E.C. to complete its investigation; and
- Ensure that the necessary records and information are preserved to ensure the Equity Committee has the ability to protect their interests in regard to these cases.

RESPECTFULLY SUBMITTED this 4th day of March, 2015.

                                      ILENE J. LASHINSKY
                                      United States Trustee
                                      District of Arizona

                                      /s/ Larry L. Watson
                                      LARRY L.WATSON
                                      Trial Attorney