# Minute Entry

## Hearing Information:

|  |  |
|---|---|
| **Debtor:** | SKYMALL, LLC FKA SKYMALL, INC. |
| **Case Number:** | 2:15-BK-00679-BKM  **Chapter:** 11 |
| **Date / Time / Room:** | FRIDAY, MARCH 27, 2015 10:00 AM   7TH FLOOR #701 |
| **Bankruptcy Judge:** | BRENDA K. MARTIN |
| **Courtroom Clerk:** | ELIZABETH IRISH |
| **Reporter / ECR:** | JO-ANN STAWARSKI |

## Matter:

HEARING RE SALE

**R / M #:**   22 / 0

## Appearances:

IN COURTROOM:
LARRY WATSON, ATTORNEY FOR U. S. TRUSTEE
SEE ATTACHED LIST

BY PHONE:
DAVID BOTTER AND JOANNA NEWDECK, ATTORNEYS FOR CONNEXIONS LOYALTY INC AND SKYMALL VENTURES LLC
AUTUMN HIGHSMITH, ATTORNEY FOR AMERICAN AIRLINES INC AND US AIRWAYS INC
JASMINE STARR AND SANDRA LAVIGNA, ATTORNEYS FOR U. S. SECURITIES AND EXCHANGE COMMISSION
JOHN ELROD, ATTORNEY FOR UNITED PARCEL SERVICE INC
SCOTT FRIEDMAN, ON BEHALF OF CLAIMS RECOVERY GROUP LLC

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

# Minute Entry

(continue)...   2:15-BK-00679-BKM         FRIDAY, MARCH 27, 2015  10:00 AM

## *Proceedings:*

Mr. John Harris informs the Court that there is a successful bidder. He walks through the steps taken and background. He discusses the sale process. No bidders were disqualified. The debtor obtained two bidders. An auction was held 36 hours ago. An official record was taken at the auction. He reviews the parties present at the auction. The bidding improved throughout the auction. C & A is the highest and best bid. He describes the purchase and the price as well as the terms. C & A would like to close immediately. The economic package was a significant factor in assessing the bids. FSG has agreed to be the back up bid. He reviews the structure of the sale. The buyer is not seeking the assumption of contracts. The debtor will move to reject the contracts. The parties have been working since the completion of the auction. He thinks they have a substantially complete sale order. There is no objection to the sale process. The documents address the objections to the sale process. He provides a copy of the documents to the Court. He reviews the documents with the Court. He proposes to complete and lodge the sale order. He is working on the asset purchase agreement. It has been a difficult and extensive process. This is the best overall package for the debtors and their estates.

Mr. VanAalten supports the sale. It has been a fulsome and transparent process. The bidding improved the purchase price. He discusses where this leaves the estate and the work to be done.

Mr. Henderson thinks they are about finished with negotiations with the sale order. He defers to Ms. Newdeck.

Ms. Newdeck states that Mr. Henderson is correct. The parties are almost there. They have been negotiating language in the order. She emailed some clean up changes that needed to be made. She requests to see the updated order before it is entered.

Mr. Henderson states that counsel for C & A just informed him that they are okay with the changes.

Mr. John Harris is agreeable to the changes.

Mr. Ray has no opposition to the sale. He requests that the sale order include his client's contract is being rejected as of closing.

Mr. John Harris had discussions with HSN's counsel before the hearing. The debtor wants to make sure it is not rejecting anything that is necessary going forward. The debtor will immediately move to reject contracts effective as of the closing date. The sale does not involve assumption or assignment of those contracts. He thinks their concern is addressed. It's just a different vehicle.

COURT: THE COURT WILL NOT ORDER THE DEBTOR TO PUT LANGUAGE IN ORDER.

Mr. Stevens echoes some of the things Mr. VanAalten said. He thinks the process was excellent. He agrees with Mr. VanAalten's assessment of how things have progressed. This was sold at a huge discount. He comments on the creditor class growing to a 50% jump. There will be a lot of rejected claims. He would like to request how much of the sale price will be carved out for some sort of a war chest to pursue some significant claims. He discusses potential insurance claims. He hopes to work cooperatively and not duplicatively with the unsecured creditors committee. He states on the record that they are on the case to assist and facilitate what the creditors committee is doing and to make sure that the equity committee has the ability to weight in on any settlement. He responds to the Court's questions. He is in agreement that the sale can go forward. He doesn't know what could be done to get more bidders. It is the best the debtor can do.

Mr. Watson filed an objection. The objection is resolved as far as the sale. He attended the auction. He was impressed by the process. He discusses the auction and gives kudos to the parties. He reviews the concerns and

how they were resolved.  He discusses what issues may come to the Court.  He does not stand on the objection to the sale at this time.

Ms. Starr discusses the limited objection filed.  There is a pending subpoena seeking documents from the debtor.  She does not have a view on the sale.  Her only interest is that the debtor preserve the documents.  She hasn't seen the asset purchase agreement or the sale order.  She responds to the Court's questions.  It would be helpful if a copy of the order were routed to her before it is lodged.

Mr. John Harris states the comments by the unsecured creditor committee about how this case is going forward are accurate.  The debtor will work with the committee on a joint plan.  The issues and topics raised will be addressed in the plan development and plan proceedings.  He will be happy to circulate a copy of the proposed order.  The debtors understand and have protected the books and records that they have.  He responds to the Court's questions.  It will be spelled out in the asset purchase agreement.  He lodged the Manning declaration.  He proffers that.

COURT:  THE COURT READ IT AND ACCEPTS COUNSEL'S PROFFER.  IT WILL HELP THE COURT IF THE ORDER CAN BE TO THE COURT BY 03:00 PM.

Mr. Robert Harris states the draft order is substantially done.  The last change is technical.

Mr. John Harris states he will lodge the order with a redline.

COURT:  GOOD JOB.  THE COURT WILL SIGN THE ORDER WHEN IT IS LODGED.